Harrison v. Scott.

---

T. W. Harrison v. Frank C. Scott et al.

No. 15,461.    (95 Pac. 1045.)

SYLLABUS BY THE COURT.

1. Stockholders—Insolvent Corporation—Contribution for Defending Litigation. Before a stockholder of an insolvent corporation is entitled to contribution from the other stockholders for costs and expenses incurred in defending litigation it must appear that the defense inured to their benefit, and that the costs and expenses were paid to relieve his co-stockholders of a common burden.

2. ——— Same. A stockholder of an insolvent corporation is not entitled to contribution from his co-stockholders for costs and expenses incurred in defending an action brought against him to recover upon his double liability, where it appears that

the only defense urged was personal to himself and in no way benefited his co-stockholders.

3. STATUTE OF LIMITATIONS — *Suspension* — *Pendency of Other Proceedings.* In order that the pendency of other proceedings will have the effect to toll the statute of limitations upon a cause of action the proceedings must be such as prevent the enforcement of the remedy by action.

4. ——— *Contribution—Stockholders of Insolvent Corporation.* The statute of limitations will run upon a cause of action in favor of a stockholder of an insolvent corporation for contribution from his co-stockholders, based upon a claim in his favor against the corporation, notwithstanding the pendency of an action against him upon his double liability in which he seeks to offset the same cause of action.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 11, 1908. Affirmed.

*George E. Overmyer,* and *T. W. Harrison,* for plaintiff in error.

*George H. Whitcomb, Clad Hamilton, E. S. Quinton, A. B. Quinton, J. S. Dean, Leonard S. Ferry,* and *Thomas F. Doran,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued defendants for contribution. The petition set up three causes of action. Separate demurrers were filed to each. The demurrer to the first was overruled, and those against the second and third were sustained. The plaintiff complains.

The Topeka Capital Company was organized in 1890 as a corporation under the laws of Kansas. Plaintiff and defendants were stockholders. The company became insolvent, and, in November, 1895, ceased doing business. On May 3, 1900, the Remington Paper Company recovered a judgment against it in the district court of Shawnee county for $10,160.84, and afterward brought an action upon the judgment in the United States circuit court against the plaintiff to recover upon his double liability as a stockholder. In

June, 1904, judgment was recovered against him for $5500, with interest and costs. An appeal was taken, and the litigation continued until 1907, when the plaintiff satisfied the judgment by paying the sum of $6113.77. These facts were set up in the first count of the petition, a demurrer to which was overruled. In the second count plaintiff sought contribution from the defendants for the sum of $1220, for costs and expenses paid by him in defending the action in the federal courts.

The demurrer to the second count was rightly sustained. In order to entitle plaintiff to contribution from the other stockholders on account of money expended in payment of the costs of litigation it should appear from his petition that the costs were incurred for the benefit of his co-stockholders. The action in which the costs were paid was against the plaintiff upon his double liability as a stockholder, based upon a judgment against the corporation. If he had defended on the ground that the judgment was not a valid one, this might have inured to the benefit of the other stockholders, and the costs would probably have been chargeable against them in an action for contribution. Costs and expenses incurred by him in a *bona fide* effort to defeat the claim in whole or in part as against the company would have been as much for their benefit as his, but it is not asserted as a fact that these costs were thus incurred, nor does this appear as a necessary inference from the facts stated. So far as appears from the petition itself, all of the defenses interposed by the plaintiff were personal to himself, and neither directly nor indirectly benefited the other shareholders. It is not claimed that the judgment against the company was modified in any respect, and it appears that the balance of the judgment which was not paid by the plaintiff continued as much a liability of the corporation, and indirectly of the other stockholders, after the defense made by plaintiff as it was before. The reasonable inference from the averments

of the petition appears to be that the defense made by him was solely in his own behalf; that while he was sued for $9000, and the judgment recovered against him was only for $5500, the reduction was of no benefit to the defendants. The right to contribution between coöbligors implies the payment by one of a burden common to both. It does not appear from the petition that the payment of these costs relieved the defendants of a common burden.

"Where judgment is recóvered against one of several coöbligors, a judgment debtor is not entitled to contribution from his coöbligors for costs, for in such a case it is not considered that he has discharged a common burden." (9 Cyc. 797.)

To the same effect is *Boardman v. Paige,* 11 N. H. 431, and *Knight v. Hughes,* 3 C. & P. (Eng.) *467.

The claims set up in the third count were barred by the statute of limitations. This appears upon the face of the petition, and the demurrer was therefore rightly sustained. This cause of action is made up in part of a judgment in plaintiff's favor against the Topeka Capital Company which was rendered December 2, 1897. It is alleged that the company ceased doing business in November, 1895, and that execution was issued and returned unsatisfied December 13, 1897. This action was brought January 29, 1906. The other part of the cause of action consists of an account amounting to $4600, which is claimed to be due the plaintiff from the Topeka Capital Company. The last item of the account is a charge made November 10, 1900. Plaintiff contends that the effect of the statute of limitations was suspended by reason of the fact that this judgment and the account were in litigation until the termination of the proceedings against him in the United States court. It appears by the petition that in the action brought by the Remington Paper Company to recover upon plaintiff's double liability he set up as an offset his own judgment against the company and this account. The federal court, however, refused

to allow either as an offset in that action.    It is a general rule that the statute of limitations will not run against a cause of action while it is in litigation, but the litigation must be such as prevents the owner of the claim from enforcing it against the debtor.    The Topeka Capital Company was not a party, directly or indirectly, to the action between the Remington Paper Company and the plaintiff in the federal court; nor were any of the defendants parties.    The pendency of that litigation, therefore, could not prevent plaintiff from enforcing his claim against the defendants.    Instead of asserting his claim against them he attempted to obtain credit for it by way of an offset in an action between himself and a third party.

In *Delay v. Yost,* 59 Kan. 496, 53 Pac. 482, it was held that a right of action on a replevin bond accrues when the plaintiff fails to comply with the judgment rendered against him, and the fact that he instituted a proceeding in error to reverse the judgment will not prevent the running of the statute upon the cause of action; and in *McDonald v. Symns,* 64 Kan. 529, 67 Pac. 1111, where the action was for conversion, it was held that proceedings in error to reverse an order discharging an attachment upon the same property will not suspend the statute.

The decision of the federal court refusing plaintiff the right to offset his claims against the company did not involve his right to maintain an action against the defendants upon the judgment or upon the account. The validity of his claim was not involved, but merely the right to use it as an offset and a defense in that action.    The rule with reference to the effect on the statute of limitations of the pendency of legal proceedings is stated in volume 25 of the Cyclopedia of Law and Procedure, at page 1278, in the following language:

"Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the

time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right."

The plaintiff was not prevented from exercising his legal remedy upon this cause of action by the pendency of the proceedings in the federal court against him. The result of that proceeding had no effect whatever on his right of action upon the judgment and the account, and it necessarily follows that the statute continued to run notwithstanding the litigation between him and the Remington Paper Company.

From what has been said the conclusion follows that the judgment must be affirmed, and it is so ordered.