No. 24,273.

A. E. Lindholm, sole owner of The Lindholm Piano Company, Appellant, v. W. H. Heithecker and Eva Heithecker, Appellees.

SYLLABUS BY THE COURT.

1. Promissory Note—Limitation of Action—Note in Custodia Legis—Suspension of Statute. The fact that the ownership of a promissory note was in dispute between payee and a third party over whom defendant had no control, or was held as collateral security by a third party over whom defendant had no control, or was in custodia legis in another action in which the defendant was not a party and over which he had no control did not suspend the running of the statute of limitations in his favor.

2. Same—Demurrer to Bill of Particulars Properly Sustained. Where a bill of particulars showed on its face that the cause of action was barred by the statute of limitations, it was proper to sustain a demurrer thereto.

Appeal from McPherson district court; William G. Fairchild, judge. Opinion filed March 10, 1923. Affirmed.

Norman E. Hill, of Salina, for the appellant.

P. J. Galle, and James L. Galle, both of McPherson, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: Plaintiff appeals from an order of the district court sustaining a demurrer to his bill of particulars. The bill of particulars set out in substance that on the 27th of August, 1914, plaintiff 'sold defendants a piano on a conditional sale installment contract, providing for a payment of $18 on the 12th day of September, 1914, $8 on the first day of October following, and $8 each month thereafter until the full sum of $275 and interest should be paid. The contract further provided that the title, ownership and right of possession should not pass from plaintiff until the note and the installments thereof and interest were fully paid; also, that in the event of nonpayment of the note or any of the installments at the time or times when the same should become due, the plaintiff was authorized to declare the note and debt due and payable at once.

The action was in replevin. It was filed in justice court on the 9th of July, 1921, and was later taken to the district court where plaintiff procured leave to amend his bill of particulars, as follows:

"In connection with and supplemental to the original bill of particulars, which is made a part hereof, the plaintiff further says that the note attached to the original bill of particulars was turned over to H. P. Nelson & Co., as

collateral security, and said note was held by said company or the trustee of H. P. Nelson & Co., bankrupt, from September, 1914, to February, 1921, and that the ownership of said note was in dispute between said dates; but that in February, 1921, the plaintiff became possessed of said note and has ever since said date owned the same."

Section 6907 of the General Statutes of 1915 provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . . 3d. Within two years: . . . an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property."

Plaintiff contends that the allegation that the note was in possession of H. P. Nelson & Co., bankrupt, or bankrupt's trustee, as collateral security from September, 1914, to February, 1921, and that the ownership of said note was in dispute, tolled the statute. He says in his brief:

"It would seem strange that on account of the laches of the trustee in bankruptcy of H. P. Nelson and Company, that this appellant should lose his property rights, he having been guilty of no laches on his part. He was powerless at any time to act in his own behalf, for the reason that said note was in the custody of the law at all times between said dates."

To sustain his contention he cites *Christie v. Scott*, 77 Kan. 257, 94 Pac. 214, which states:

"Where it appears by a pleading that more than five years have elapsed since the maturity of a note before the bringing of an action thereon, but facts are alleged in the pleading which, if true, suspended the running of the statute for such time that the bar thereof had not fallen at the commencement of the action, a demurrer to the pleading on the ground that it shows upon its face that it is barred by the statute of limitations should be overruled." (Syl. ¶ 2.)

The plaintiff, however, does not bring himself within the principle announced in *Christie v. Scott*. In that case the bill of particulars alleged the absence of the defendant from the state of Kansas a sufficient length of time after the maturity of the notes and before the action was commenced to remove the bar of the statute of limitations, or rather, to suspend the running of the statute of limitations for such a length of time that the bar had not fallen at the time of the commencement of the action. The law makes no provision for a suspension of the running of the statute of limitations because of the laches of some third party who holds a note as collateral security, or because of a dispute as to the ownership thereof.

In order that the pendency of other proceedings shall have the effect to toll the statute of limitations upon a cause of action, the proceedings must be such as to prevent enforcement of the remedy of action.

This court has recognized the rule that the pendency of legal proceedings may effect the running of the statute. In *Harrison v. Scott,* 77 Kan. 637, 95 Pac. 1045, and in *City of Hutchinson v. Hutchinson,* 92 Kan. 518, 141 Pac. 589, the court quoted, with approval, the statement found in 25 Cyc. 1278, as follows:

"Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his rights." (p. 525.)

In the instant case, however, plaintiff made no allegation of effort or diligence on his part to enforce his claim. The case appears to us to come more nearly within the principle announced in *Hawkins v. Brown,* 78 Kan. 284, 97 Pac. 479. In that case it was said in the syllabus: .

"The fact that the subject of an action is held *in custodia legis* in another action in which the defendant is not a party nor in privity with a party, and over which he has no control, will not suspend the running of the statute in his favor."

In the opinion it was said:

"The proceedings in the district court of Haskell county did not affect the rights of defendant Hawkins, for he was a stranger thereto. It can not be that the inconvenience or the practical difficulty of bringing an action upon a promissory note, because it is involved for the time in litigation in an action between other parties, can suspend the operation of the statute of limitations on such instrument against a person who is in no way responsible for, involved in, or connected with, the litigation. So to hold would be to read into the statute a proviso or condition not placed there by the lawmakers." (p. 288.)

We conclude that the holding of the note as collateral security by a third party, even though he may have been a trustee in bankruptcy, did not of itself suspend the running of the statute of limitations and that the trial court properly sustained the demurrer.

The judgment is affirmed.