No. 34,882

DOROTHY D. ALLEN, *Appellee*, v. R. B. TURNER, as an Individual, and as Administrator with the Will Annexed of the Estate of R. W. Turner, Deceased, *Appellant.*

(106 P. 2d 715)

Opinion filed November 9, 1940.

*J. R. White, A. Teeple* and *George E. Teeple,* all of Mankato, for the appellant.

*Donald Stanley,* of Mankato, *A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from an order overruling their several demurrers to plaintiff's second amended petition.

As originally commenced, the action was against R. B. Turner, as

administrator with the will annexed of R. W. Turner, deceased. The petition was filed on September 20, 1938, on which date a summons was issued which was served on the defendant on September 21, 1938. On May 3, 1939, an amended petition was filed, in which R. B. Turner in his individual capacity was made a defendant. He was duly served with summons. On June 26, 1939, a second amended petition was filed. An amendment to the third cause of action will be treated as though originally included. Three causes of action were stated.

The first cause of action alleged that R. W. Turner, a resident of Jewell county, Kansas, died testate, and by action of the probate court R. B. Turner was appointed administrator with the will annexed of his estate. That the administrator qualified on September 20, 1937, by filing his bond, which was approved, and that the first publication of notice of his appointment was made September 23, 1937; that for more than twelve years prior to the death of R. W. Turner plaintiff rendered him personal service and professional medical care and attention under an oral understanding continuously maintained that she was to be compensated at his death from his estate; that the services were constant and virtually of daily occurrence and were reasonably worth $5,000, and that the defendant failed and refused to pay plaintiff.

The second cause of action pertained to a legacy to plaintiff under decedent's will. That cause has been settled and need not be considered further herein. No claim is made that this legacy satisfied any debt there may have been.

The third cause of action included by reference allegations of the first and second causes of action, and alleged that subsequent to the death of the testator, the defendant R. B. Turner, for a valuable consideration, alleged to consist of the mutual promises of the parties and the benefits which would accrue to defendant therefrom, including receipt by him of the property of the estate in excess of plaintiff's claim without contest in the probate court, and the detriment to plaintiff through causing her to forego establishment of her claim in the probate court, agreed orally with the plaintiff that he would pay directly and absolutely plaintiff's claim for services as referred to in the first cause of action; that said promises were made within two weeks after testator's death and were repeated and continued until about September 18, 1938; that defendant failed to pay and concealed himself until after September 20, 1938, in an endeavor to

frustrate plaintiff's collection of her claim, for which reason defendant was estopped from denying liability or availing himself of any statute of limitations or of nonclaim.

To this second amended petition the defendants filed their several demurrers. Briefly stated, the administrator alleged that as to the first alleged cause of action the court was without jurisdiction and as to both the first and third alleged causes of action that they were barred by the statute of nonclaim, that the third cause of action was barred by the statute of limitations, and that neither stated a cause of action. Turner individually filed similar demurrers. Turner individually and as administrator also demurred on the ground that several causes were improperly joined.

The trial court overruled each of these several demurrers, and the defendants appeal.

We shall first take up the question whether the first cause of action is barred by the statutes of nonclaim, as contended by appellants. This case arose under statutes all of which were repealed by the new probate code now appearing as G. S. 1939 Supp., ch. 59. The changes made by the new code are substantial and material, but need not be mentioned here. No good purpose would be served by setting out a detailed analysis of the now repealed provisions and our many decisions interpreting them, some of which are referred to in the briefs. We have reviewed the whole matter and shall state our conclusions briefly.

It has been noted that the administrator qualified on September 20, 1937; that the present action was commenced in the district court on September 20, 1938, and that summons issued on that date and was served the following day. The question is whether the action was commenced too late.

At the time this cause arose provisions for proving claims against the estates of deceased persons were to be found in G. S. 1935, ch. 22, art. 7. Appellant directs our attention to G. S. 1935, 22-704, which provided that:

"All actions commenced against such executor or administrator after the death of the deceased shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator."

and argues that the original process not having been served until one day after one year had expired, that the claim was barred by its provisions, the provisions of section 22-702, as amended by Laws 1937,

ch. 218, sec. 4, and the provisions of G. S. 1935, 22-727. Appellee contends that the above-quoted section did not fix a statute of nonclaim or of limitations, but determined only when a claim had been exhibited, and its only effect was to determine priority in classification, and that she had a right to institute her action as she did, under G. S. 1935, 22-707, which reads, in part, as follows:

"Any person having a demand against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, . . ."

It may be noted this court held in *Robertson v. Tarry,* 85 Kan. 450, 116 Pac. 486, that the statutes of nonclaim, last appearing as G. S. 1935, 22-701, and G. S. 1935, 22-702, as amended by Laws 1937, ch. 218, sec. 4, had no application to an action brought in the district court against an administrator, a holding adhered to in *Forrester v. Falkenstien,* 129 Kan. 485, 283 Pac. 623, where the cause was determined on an application of what last appeared as G. S. 1935, 22-727, reciting:

"No executor or administrator, after having given notice of his appointment as provided in this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within one year from the time of his giving bond"—

It being held to be a statute of limitations applicable to actions in the district court.

With respect to our now repealed statutes pertaining to decedents' estates, it may be conceded that apparently inconsistent results have been reached in holding that the nonclaim sections were not applicable to actions in the district court, but that the provisions for limitations of actions in the same statutes were applicable. But no case has been called to our attention, nor does our research disclose any, where G. S. 1935, 22-704, was considered in determining whether an action in the district court to establish a demand against a decedent's estate had been commenced in time.

We shall not stop to inquire whether an action on a claim involving no equitable principles may be originally instituted in the district court (*Correll v. Vance,* 127 Kan. 840, 275 Pac. 174, and cases cited), and shall assume that in this case the jurisdiction of the district court was properly invoked. There is no doubt, however, that the probate court had jurisdiction in the first instance and that the jurisdiction of the district court was concurrent.

Under G. S. 1935, 22-727, no administrator shall be held to answer

to the suit of any creditor unless it be commenced within one year from the time of giving bond, and no valid reason appears why the claimant should have more time in one court than in another. The question is when the claimant commenced his suit.

To prevent application of the nonclaim or limitation provisions in the probate court the claimant must have served notice of his demand and of the time it would be presented to the probate court for allowance (G. S. 1935, 22-705, 22-712), while in the district court he might establish the same by judgment in the ordinary course of proceedings (G. S. 1935, 22-707). That section conferring such a right is silent as to when his action is to be commenced, or deemed to be commenced. It must be read in connection with G. S. 1935, 22-704, which fixes the time of serving the original process as the time when proceedings are instituted.

It may be conceded that the statutes were not as clear in all respects as they might have been, and that in some of our decisions are statements somewhat contrary to the views herein expressed, but it is very possible that some of the decisions would have been differently phrased had attention been directed to and had G. S. 1935, 22-704, been considered. As construed herein, application of the statutes of limitations in the now repealed statutes with reference to decedent's estates (G. S. 1935, 22-727) is uniform, whether the attempt to establish the claim is in the probate or in the district court. And it may be noted that it is likewise in conformity with the provisions of the new probate code. (See G. S. 1939 Supp., 59-2237, 59-2238.) We are of opinion the action on the claim set up in the first cause of action was commenced too late and was barred by the statute of limitations. It is unnecessary that we discuss other grounds of the demurrer. The trial court erred in overruling the demurrer of the administrator to the first cause of action.

In the first cause of action there are no allegations even pretending to state a cause of action against R. B. Turner individually. It is argued by appellee that as R. B. Turner is the residuary legatee of his father's will, he is necessarily affected by the plaintiff's demand. Without much regard for logic, it is further argued that it was the duty of the administrator, not the heir, to represent the estate, and that the demurrer which the individual defendant "attempted to interpose vicariously" was correctly overruled. We do not think so. The trial court's ruling was erroneous.

With respect to the third cause of action, it is clear no cause of

action was stated against the administrator by any explicit allegation, unless it be by inclusion of the allegations of the first cause of action. If it be considered the pleading is sufficient to warrant an inference against him in his representative capacity, it is only that by his actions he attempted to waive the statutes of nonclaim and of limitations. So viewed, it did not state a cause of action, for the administrator was powerless to waive. (See *Collamore v. Wilder*, 19 Kan. 67, 81; *Milbourne v. Kelley*, 93 Kan. 753, 759, 145 Pac. 816; *McDaniel v. Putnam*, 100 Kan. 550, 555, 164 Pac. 1167; *Hammond v. Estate of Hammond*, 150 Kan. 113, 115, 91 P. 2d 19.)

Insofar as appellant Turner individually is concerned, he contends the third cause of action is an attempt to enforce recovery against him on an oral contract unenforceable under the statute of frauds, and on which no action may be maintained, while appellee contends an original and not a collateral obligation was assumed which subserved a pecuniary benefit to him and a damage to the appellee.

For our purposes here the statute of frauds reads:

"No action shall be brought whereby to charge a party upon any special promise to answer for the debt . . . of another person; or to charge any executor or administrator upon any special promise to answer damages out of his own estate . . . unless the agreement upon which such action shall be brought . . . shall be in writing and signed by the party to be charged therewith . . ." (G. S. 1935, 33-106.)

The agreement pleaded is expressly alleged to be oral.

We have many decisions in which interpretation of the statute and its force and effect have been involved. Reference will be made to only a few of them demonstrating plaintiff's theory of his case.

In the early case of *Patton v. Mills*, 21 Kan. 163, it appeared that Mattie Sanford had preempted lands. Hurd held a judgment against her and she was also indebted to Patton, who, in order to collect his debt, orally promised Mills that if he would purchase the land he, Patton, would be responsible and see that the judgment should not become a lien on the land, and if it did, he would pay it, to which Mills agreed, and purchased the lands, paying Sanford the entire purchase price. As an aftermath, Mills sued to recover from Patton. This court quoted from and approved the following:

"In 3 Parsons on Contracts, p. 24 (6th ed.), we find this rule: 'It may, indeed, be stated as a general rule that wherever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form a prom-

ise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another.'

"And in *Nelson v. Boynton,* 3 Metcalf, 396, cited in the note to the above, Chief Justice Shaw says: 'The terms "original" and "collateral" promise, though not used in the statute, are convenient enough to distinguish between the cases where the direct and leading object of the promise is to become the surety or guarantor of another's debt, and those where, although the effect of the promise is to pay the debt of another, yet the leading object of the undertaker is to subserve or promote some interest or purpose of his own. The former, whether made before or after or at the same time with the promise of the principal, is not valid, unless manifested by evidence in writing. The latter, if made on good consideration, is unaffected by the statute, because, although the effect of it is to release or suspend the debt of another, yet that is not the leading object on the part of the promisor.' See, also, *Alger v. Scoville,* 1 Gray, 391; *McCreary v. Van Hook,* 35 Tex. 631." (p. 169.)

The rule from Parsons on Contracts was later approved in *Johnson v. Huffaker,* 99 Kan. 466, 162, Pac. 1150, and the principle of the case was recognized and approved in *Sawtelle v. Cosden Oil & Gas Co.,* 128 Kan. 220, 277 Pac. 45; and *Higgin Mfg. Co. v. Bankers Mortgage Co.,* 128 Kan. 267, 277 Pac. 44. In *Wagon Co. v. Wilson,* 79 Kan. 633, 101 Pac. 4, it was held that whether such a promise was original or collateral was ordinarily one of fact.

Ignoring for the moment the question of sufficiency of the consideration of the contract, it would appear the contract as alleged in the third cause of action against the individual defendant was sufficient as against a demurrer. It is to be observed, however, that the consideration for the promise was that the promisee would not contest the claim in the probate court and that the matter would be settled without litigation. But the record discloses the promisee did not perform her agreement, and that she did not rely on that promise, for she instituted the present action by filing her petition consisting of one cause of action directed solely against the administrator of the estate to recover solely on the claim the estate was indebted to her. The fact that that particular cause of action might fail because she did not procure timely service of summons or that she might fail on the merits does not mean she may now maintain the cause of action against the defendant in his individual capacity as alleged in the third cause of action. That cause makes the first cause a part thereof and discloses on its face that plaintiff had breached the oral contract and that the consideration for it had failed ere she commenced her action on it.

It may be suggested that the record discloses a situation where

plaintiff is seeking to enforce a single liability by pursuing two inconsistent remedies; that her original petition was an election to pursue the estate, and she may not now maintain any action on the oral promise of Turner individually, even though her first cause fail. (See *Ullrich v. Bigger*, 81 Kan. 756, 106 Pac. 1073; *Ireland v. Waymire*, 107 Kan. 384, 191 Pac. 304, and cases cited.) As this phase is not dwelt on in the briefs, we shall not pursue it.

In view of our conclusions, it is not necessary that we discuss other arguments presented in the briefs, nor that we consider in any manner the demurrer based on alleged misjoinder of causes of action.

The rulings of the trial court on each of the several demurrers other than for misjoinder of causes of action are reversed and the cause is remanded to the trial court with instructions to sustain the several demurrers and to render judgment for the defendants.