No. 35,192

BERTA HURST, *Appellant,* v. PAUL D. HAMMEL, Executor of the Estate of Celinda Leinbach, *Appellee.*

(113 P. 2d 1045)

Opinion filed June 7, 1941.

*B. J. Lempenau* and *Roy N. McCue,* both of Topeka, for the appellant.
*W. M. Beall,* of Clay Center, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover against an estate on a claim based on a contention that certain funds in the possession of the decedent for many years were impressed with a trust in favor of the plaintiffs. The administrator, defendant in the action, demurred to the petition. This appeal is from an order sustaining the demurrer. There were originally two plaintiffs, but one of them assigned his interest to the other, and the remaining plaintiff is the only appellant.

The petition, filed on April 24, 1940, alleged, in substance, that T. D. Leinbach, a resident of Pottawatomie county, died testate in

March, 1917; that among the devises and bequests of the will there was a devise of certain real estate to Perry Leinbach, son of the testator, "after he shall have become thirty-five years of age," and also a bequest to Perry of "four thousand dollars—the value to be in livestock on the foregoing described lands"; that it was further provided that if Perry died before he reached the age of thirty-five, and having no children, the devise and bequest should go to the plaintiffs, nephew and niece of the testator; that Perry Leinbach died in July, 1918, without having reached the age of thirty-five and having no children; that Celinda Leinbach, widow of the testator, was named in the will as executrix and was so appointed; that the "said $4,000" was delivered to her and kept by her until her death on April 24, 1939, and never delivered to the plaintiffs; that in September, 1918, she conveyed to the plaintiffs, by quitclaim deed, the real estate heretofore referred to; that "no demand has heretofore been made by plaintiffs upon said Celinda Leinbach, and that she never, at any time, refused to deliver" the $4,000 to the plaintiffs. The prayer of the petition was that $4,000 from the property held by Celinda Leinbach be decreed a trust fund in favor of the plaintiffs and that they be given judgment for that amount against her estate, together with interest from September 1, 1918.

The defendant demurred to the petition on the grounds that the court was without jurisdiction of the subject matter, that the petition did not state a cause of action and that the demand was barred by the statutes of limitation. The demurrer was sustained apparently on all three grounds.

We proceed at once to the question of whether the demand was barred. The conclusion stated on that question makes it unnecessary to consider the questions relating to the proper construction of the will of T. D. Leinbach.

The testator died in March, 1917. If appellant is correct in her interpretation of the will, she became entitled to the bequest of $4,000 when the testator's son, Perry, died in July, 1918, without reaching the age of thirty-five and having no children. Although appellant contends that after July, 1918, the executrix held this bequest in trust for her benefit, she alleges that she never made any demand upon her for it, and by asking for interest from September 1, 1918, she alleges in effect that she received no income from the bequest. This covers a period of almost twenty-one years, and until the death of Celinda Leinbach on April 24, 1939. Appellee was

appointed and qualified as administrator of Celinda Leinbach's estate on April 26, 1939. It was not until April 24, 1940—two days less than a year after appointment of the administrator—that appellant took any steps to assert or establish her demand.

The present probate code went into effect on July 1, 1939. Many sections of the prior law relating to the allowance of demands against estates were repealed, and in sections 212 to 217, inclusive (Laws 1939, ch. 180), now appearing as G. S. 1939 Supp., 59-2236 to 59-2241, inclusive, provision was made for a more simplified and certain procedure in the matter. Section 59-2239, while designated as a "nonclaim statute," is also clearly a statute of limitations, enacted with the evident purpose of providing for expeditious closing of estates, with the interests and rights of all persons concerned definitely determined. It provides that all demands not exhibited as provided in the act (G. S. 1939 Supp. 59-2237, 59-2238.) "within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment." The section then provides—omitting certain provisions not here involved —as follows:

*"In any estate in the process of administration at the time of the taking effect of this act* in which any executor or administrator has not been discharged, *all demands,* including demands of the state, whether due or to become due, whether absolute or contingent, including any demands arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor or indemnitor, and including the individual demands of executors and administrators, *not exhibited as required by this act within nine months after the taking effect of this act shall be forever barred from payment* by any such executor or administrator unless a provision of a will requires payment of any such demand exhibited later. This section applies to both domiciliary and ancillary administration." (Italics ours.)

The provision clearly applies to the instant claim. The estate had been in the process of administration for more than two months when the new code went into effect. No demand was made until this action was filed on April 24, 1940, nine months and twenty-four days after July 1, 1939. Appellant contends that in order for the administrator of the estate to take advantage of the nine months' limitation period in the new code, it was necessary for him to publish a new notice of his appointment, containing the notice to creditors as provided in section 59-2236, *supra.* But the provisions of section 59-2239, *supra,* contains no such requirement. The pro-

vision with reference to demands against estates in process of administration when the new code became effective is unequivocal—they must be exhibited within nine months after the effective date of the act "unless a provision of a will requires payment of any such demand exhibited later." Appellant contends that the phrase "exhibited as required by this act" in the provision relative to pending estates must be construed to mean that a new notice of appointment, with its notice to creditors as provided in section 59-2236, *supra*, must be given before the nine months' period of limitation will begin to run. We find no basis for that construction. The words "exhibited as required by this act" have no uncertainty about them. Plainly they refer solely to the method provided in the act for exhibiting demands (sections 59-2237 and 59-2238), and not to the provisions relative to the executor's or administrator's notice of appointment and notice to creditors. Moreover, this is clearly in line with the legislative intent evidenced by this section and related sections of the act. Prior to the new code a one-year limitation had been in effect. The new code cuts the period to nine months, beginning with the first published notice to creditors which must now be included in the notice of appointment of the executor or administrator. This makes it possible, ordinarily, to close estates in one year. As to pending administrations, the period of limitation is fixed at nine months after the effective date of the act. To make this unqualified time limitation for exhibiting demands against pending administrations contingent upon the filing of a new notice of appointment, with its notice to creditors, would be to read a wholly new provision into the statute.

Appellant's demand being barred by the provisions of G. S. 1939 Supp., 59-2239, it is unnecessary to consider her other contentions. The demurrer was properly sustained. The judgment is affirmed.

THIELE, J., not sitting.