No. 37,546

In the Matter of the Estate of Cecil L. Brasfield, Deceased. (JESSIE McCLURE, individually and as Administratrix of the Estate of C. E. McClure, Deceased, and NELLIE MAY McCLURE, by and through Jessie McClure, her mother and next friend, *Appellees*, v. MR. and MRS. ALVIN W. BRASFIELD, *Appellants*.)

No. 37,657

In the Matter of the Estate of Cecil L. Brasfield, Deceased. (JESSIE McCLURE, individually and as Administratrix of the Estate of C. E. McClure, Deceased, and NELLIE MAY McCLURE, by and through Jessie McClure, her mother and next friend, *Appellees*, v. DON NEWKIRK, Special Administrator, *Appellant*.)

(214 P. 2d 305)

Opinion filed January 28, 1950.

*Homer V. Gooing,* of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk,* all of Wichita, were with him on the briefs for the appellants.

*John F. Eberhardt,* of Wichita,, argued the cause, and *George Siefkin* and *Samuel E. Bartlett,* both of Wichita, and *Irwin Snattinger,* of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: These two cases, consolidated after being appealed to this court, originated as probate court proceedings. The all decisive issue in each requires judicial construction of the Kansas probate code.

The facts responsible for the proceedings as initially instituted are relatively unimportant to a decision of the appellate issues and need not be detailed. At the moment essential features of those facts and the primary issues involved can be joined in one statement thus:

Eight months after the death of Cecil L. Brasfield, who died on August 22, 1947, a resident of Sedgwick county, the appellees as tort creditors of the decedent filed a petition in the probate court of that county fully setting forth the nature of their claims against him as an alleged negligent wrongdoer and asking for the appointment of a general administrator for his estate. Decedent's father and mother answered stating their son left no property subject to administration and hence there was no legal basis for the relief sought by the petitioners. Thereupon the probate court denied the petition and refused to appoint a fiduciary as therein requested on the ground there was no estate requiring administration. Upon appeal the district court of Sedgwick county, on July 13, 1948, found the probate court's action was erroneous, reversed its order, and directed it to proceed to appoint an administrator. Appeal No. 37,546, perfected on September 10, 1948, by the father and mother, is from that order and judgment.

Within a few days after rendition of this district court judgment the tort creditors petitioned the probate court for, and obtained the appointment of, a special administrator to accept exhibition of and make defense to their demands against the decedent's estate in the same manner as a regular administrator might do, if acting. There-

after, and on August 21, 1948, they filed petitions for the allowance of those demands in probate court. Later they procured their transfer to the district court for trial. There the special administrator demurred to all claims so transferred on the single ground they were barred because the petitioning creditors had failed to obtain the appointment of an administrator for the estate of the decedent Brasfield on or before August 22, 1948. This demurrer was overruled. Appeal No. 37,657, perfected by the special administrator, seeks a reversal of that order.

The foregoing brief factual statement should perhaps be supplemented by a statement relating to stipulated facts in both the probate and district courts. There the parties agreed decedent was a resident of Sedgwick county on the date of his death and that appellees were creditors within the meaning of the probate code, entitled to petition for the appointment of an administrator for his estate. They also stipulated, although the record with respect thereto is not clear and leaves much to be supplied by inference, that the known tangible assets of the estate of Cecil Brasfield, who was killed in the automobile accident giving rise to appellees' claims, were of the approximate value of $25 and insufficient to defray funeral and administration expenses. However, it cannot be said, as appellants suggest, the stipulation purported to cover all assets of the estate or that the parties were in agreement respecting its intangible assets. As to them, we are constrained to hold, the record clearly discloses appellees contended the estate had certain rights under the omnibus clauses of an automobile insurance policy, covering liability incurred by decedent while he was driving his father's automobile, involved in the accident, which constituted assets while appellants insisted, that notwithstanding and irrespective of such policy, the only assets consisted of the tangible property referred to in the stipulation.

Appellants specify two errors in the rendition of the judgment involved in the first appeal. We now direct our attention to the first specification charging the district court with error in reversing the order of the probate court denying the petition for appointment of an administrator. They state the question involved under this assignment of error is whether it is proper, over the objection of heirs at law, who have paid a decedent's funeral expenses, to appoint an administrator for his estate where it consists entirely of clothing and personal effects which do not exceed $25 in value. At the outset we

pause to observe this question, and much of appellants' argument dealing with it, erroneously assumes a situation where creditors, notwithstanding they have petitioned for administration of the estate of a decedent whose funeral expenses have been paid by his heirs, have positively stipulated there are no assets in the estate, tangible or intangible, exceeding the amount required to reimburse the heirs for advanced funeral expenses. Here, as we have heretofore pointed out, the petitioning creditors have made no such stipulation and are insisting to the contrary.

Thus, in view of the record, it appears the actual question involved, under the first specification of error, is whether admitted creditors of a resident intestate decedent are entitled to the appointment of an administrator for administration of his estate over objection of his heirs at law when the known tangible assets of his estate are conceded by the petitioning creditors to be less than the amount required to pay funeral expenses and costs of administration.

When analyzed the principal argument advanced by appellants in support of their position on the question just stated seems to be that the existence or nonexistence of assets is the test to be applied in determining whether administration of a resident intestate's estate is required under our statute and that failure of a petitioning creditor on the hearing of his petition for letters of administration to establish assets in an amount more than sufficient to pay funeral bills and expenses of administration justifies, if it does not actually require, refusal of letters of administration, and administration of such an estate, by the probate court in the first instance and on appeal by the district court. On the other hand appellees' position with a respect to this particular point is that where—as here—the sufficiency of assets to satisfy claims in whole or in part is controverted the tribunal having statutory authority to appoint an administrator for such an estate cannot inquire into the existence or value of those assets or make their existence or nonexistence a prerequisite to its administration but is required to appoint an administrator to the end that the exact value and extent of the estate can thereafter be ascertained in the course of its administration as contemplated by statute.

We find much in pertinent provisions of our comparatively new probate code, especially when they are considered together, indicating that administration of the estate of an intestate resident decedent, regardless of its known assets, is required if and when a creditor demands it.

All statute references appearing hereinafter are to the 1947 Supplement to the General Statutes of Kansas for 1935 unless otherwise indicated.

Section 59-2221 provides that any person interested in an estate after the death of an intestate may petition for administration. In construing this section we have held (see *In re Estate of Erwin,* 167 Kan. 316, 205 P. 2d 925) that under its terms a person is interested in the estate of a decedent if he has a claim against it which he desires to present and prosecute. 59-2219 sets forth what a petition for administration shall contain. One of its requirements is that the petition shall state the general character and probable value of the real and personal property. 59-2232 directs the probate court to appoint an administrator for an estate upon the hearing of a petition for administration and proof thereof. 59-705 permits the appointment of a creditor as administrator if other persons named therein are incompetent or unsuitable or do not accept the trust. 59-2237 provides that any person may exhibit his demand against the estate of a decedent by filing his petition for its allowance in the proper probate court.

The provisions of the five sections of the statute to which we have just referred contain nothing limiting or restricting the right of a creditor to compel administration of an estate so long as his petition, and on its hearing the proof, neither of which is in issue here, meet their requirements. Certainly it can scarcely be doubted they contemplate that he will be granted that right. Therefore, unless the restriction appears elsewhere, we cannot read something into those provisions that is not there and hold that it is contemplated by their terms.

So far as we have been able to discern from our examination of the code there is but one section which could possibly be construed as limiting the right of a creditor to compel administration. It is section 59-2203 which reads in part as follows:

"Proceedings for the probate of a will or for administration shall be had in the county of the residence of the decedent at the time of his death; if the decedent was not a resident of this state, proceedings may be had in any county wherein he left any estate to be administered . . ."

Definitely, the foregoing language, which we note is substantially the same as that to be found in statutes (see G. S. 1935, 22-301) antedating the enactment of the present probate code, makes the existence of assets a condition precedent to administration of the

estate of a nonresident decedent. We so held in *In re Estate of Rogers,* 164 Kan. 492, 190 P. 2d 857.

Appellants stress that 59-2203 relates to venue and insist it has no significance or bearing on the question now under consideration. To say the least their conclusion as to its force and effect is highly debatable. We are inclined to believe that insofar as a resident of the county is concerned the failure to make the existence of assets a jurisdictional prerequisite to administration under such section is indicative of legislative intent to refrain from doing so. But we need not labor the question. The important point for present purposes is that such section, like all others heretofore mentioned, neither limits nor restricts the right of a creditor to force administration of such an estate.

A further and more conclusive indication of like intent is to be found in section 59-1507, which reads:

"Whenever it is established that the estate of a decedent, exclusive of the homestead and allowances to the spouse and minor children, does not exceed the amounts required for funeral expenses, expenses of last sickness, wages of servants during the last sickness, costs of administration, debts having preference under the laws of the United States or this state, and taxes, the executor or administrator may by order of the court pay the same in the order named, and present his account with an application for the settlement and allowance thereof. Thereupon the court, with or without notice, may adjust, correct, settle, allow or disallow such account, and if the account is allowed, summarily determine the heirs, legatees, and devisees, and close the administration."

To say that this section, which by the very nature of the language used therein obviously has reference to resident estates only, does not contemplate the appointment of administrators for resident estates before inquiry is made as to their assets would fail to give due import to its plain and unequivocal terms.

But that is not all. We have repeatedly held (see West's Kansas Digest, Executors and Administrators, §§ 224, 225 [1]; Hatcher's Kansas Digest, Executors and Administrators, § 40), as the clear and unequovical terms of the nonclaim section of the code (59-2239) require, that all demands against estates must be exhibited in probate court and that creditors have no claim against the property of an intestate decedent, other than liens existing at the date of his death, unless an administrator has been appointed for his estate within one year after his death. To so hold and at the same time hold those same creditors, because known assets of the estate appear to be inconsequential are to be denied an opportunity of ever estab-

lishing their claims or attempting to bring assets into the estate to pay them, would lead to results so incongruous and unfair and so lacking in fundamental justice as to preclude any necessity for further discussion.

Our review of the statutory sections heretofore mentioned convinces us the probate code of this state not only contemplates but requires administration of the estates of intestate resident decedents when petitioned for by creditors even though the value of their known or apparent assets appears to be inconsequential. This conclusion in our opinion does not require authorities to fortify or support it. Even so they are to be found in decisions construing our earlier statutes relating to the same subject. See *Nickel v. Vogel,* 76 Kan. 625, 92 Pac. 1105, holding that the jurisdiction of the probate courts of this state to appoint administrators does not depend upon the existence of either assets or creditors; *Brown v. Baxter,* 77 Kan. 97, 94 Pac. 155, which clearly infers, if it does not actually so hold, that creditors are entitled to have the estates of resident decedents administered; and *Hotchkiss v. Ogle,* 153 Kan. 156, 109 P. 2d 134, where it is said there are many circumstances under which necessity for administration exists. We have also held (see *Richards v. Tiernan,* 150 Kan. 116, 91 P. 2d 22) that an administrator represents both heirs and creditors and always recognized that among others one of his duties is to marshal, even to ferret out if necessity requires, the assets of an estate. How, we inquire, is that to be done if requests for letters of administration are to be summarily denied?

Appellants suggest the conclusion just announced would result in no benefits to heirs at law who oppose administration and expense to them or to the county in those cases where creditors are unable to establish assets in amounts sufficient to pay their demands. The answer to one phase of this contention is to be found in our decisions holding that administration is for the benefit of creditors as well as heirs. Be that as it may, our decision need not result in financial injury to heirs or to the county. The provisions of 59-2214 authorize the probate court to tax costs against creditors and even permit it to require them to give security for costs if and when, in the exercise of its discretion, it deems that action is just and equitable.

The second specification of error is that the district court erred in directing the probate court to appoint an administrator. Baldly stated, appellants' position with respect thereto is that once it found administration of the estate was required the district court

was obliged to appoint an administrator. We do not agree. It is true, as appellants assert, that under the provisions of 59-2408 the district court has the same general jurisdiction and power as though the controversy had been commenced by action in that court. What was the controversy in probate court? Resort to the pleadings, likewise the probate court's judgment, reveals the issue there involved and decided was whether administration of the estate was required, not who should be appointed administrator. In such a situation the appeal, as we indicated in *Hutchinson v. Pihlblad,* 157 Kan. 392, 395, 139 P. 2d 835, while it transferred jurisdiction over the controversy passed upon to the district court, did not take from the probate court the original jurisdiction possessed over the other phases of the proceeding still pending and undisposed of. Therefore the trial court did not err in ordering the probate court to proceed with the appointment of an administrator.

In view of what has already been decided in this opinion appellants' claim that possible liability under the insurance policy heretofore referred to is not an asset of the involved estate is premature and hence not involved in this appeal.

The error assigned in the second appeal is that the trial court erred in overruling the demurrers of the special administrator to the petitions filed in probate court by the appellees for allowance of their demands against the decedent's estate. Before this claim is given consideration it should be stated that these petitions contained a full recital of the facts relied on by the claimants, including allegations disclosing (1) the filing of the petition for appointment of an administrator on April 15, 1948; (2) the denial of that petition in probate court; (3) the appeal from such order to district court; and (4) the judgment of the district court reversing the probate court and directing the appointment of the requested fiduciary. Likewise, it should be pointed out that on the date the demurrers were overruled the trial court knew that an appeal had been taken from such judgment. Although it has already been said, we desire to repeat for purpose of emphasis that the demurrers were predicated solely upon the ground the petitioning creditors had not obtained the appointment of a general administrator for the estate of Cecil Brasfield within one year after the date of his death.

In support of this specification of error the appellant special administrator states, and practically all of his argument is devoted to the proposition, the requirement of the nonclaim statute (59-2239),

that "no creditor shall have any claim against or lien upon the property of a decedent, other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent . . ." is not satisfied by the appointment of a special administrator. In view of the facts of this case we do not believe questions relating to the effect of the appointment of a special administrator, under the provisions of 59-710, or the nonclaim section of the statute, or the extent of his powers once he is approved, are proper subjects for appellate review on this appeal. The only issue as we see it, at least that is what the district court passed upon, is whether under the facts and circumstances of this case, as they have been related, the petitioning creditors' claims were barred for the express reason set forth in the demurrers. If they were not it is elementary the rulings on the demurrers were not only proper but required.

Since the enactment of the Kansas probate code we have not been required to pass upon the appellate issue thus raised. That is nothing new or startling. Neither does it make its decision particularly difficult if it be kept in mind that one of the purposes responsible for the new legislation was to provide for uniform and orderly procedure in cases not within the purview of the code of civil procedure and remembered that its provisions, like those of the civil code, are to be practically construed in the light of well recognized and fundamental rules of judicial construction. When so construed it must, of course, be conceded at the outset that under its terms the institution of proceedings leading up to and required to permit the filing of claims against the estate of a decedent are tantamount to the commencement of an action in the probate court. In *Hurst v. Hammel,* 153 Kan. 827, 829, 113 P. 2d 1045, we expressly stated that its so-called nonclaim provision (59-2239) is clearly a statute of limitations and in other cases (see *Allen v. Turner,* 152 Kan. 590, 106 P. 2d 715; *Cartier v. Central Trust Co.,* 155 Kan. 191, 194, 125 P. 2d 435; *In re Estate of Hill,* 162 Kan. 385, 392, 176 P. 2d 515) have recognized that to be the import of its terms. A like construction (see *In re Estate of Colyer,* 157 Kan. 347, 350, 351, 139 P. 2d 411) has been given to 59-617, a similar provision fixing the period of limitation in which interested persons must make application for the probate of a will.

We discern no sound reason for giving statutes of limitation in the probate code any greater or less effect than is given to lim-

itation statutes to be found in the code of civil procedure (ch. 60, art. 3, G. S. 1935) and we hold there is none. Turning to our decisions dealing with the force and effect to be given the terms of those appearing in the civil code we find the law of this state has always been that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues (*City of Hutchinson v. Hutchinson*, 92 Kan. 518, 141 Pac. 589; *Lindholm v. Heithecker*, 113 Kan. 96, 213 Pac. 671; *Campbell v. Durant*, 110 Kan. 30, 35 202 Pac. 841; *Harrison v. Scott*, 77 Kan. 637, 641, 95 Pac. 1045; *Baker v. Craig*, 128 Kan. 676, 679, 280 Pac. 771; *Hill v. Grand Lodge of I. O. O. F.*, 157 Kan. 34, 138 P. 2d 438; *Preston v. Shields*, 159 Kan. 575, 583, 156 P. 2d 543).

That the foregoing decisions are in accord with the weight of authority will be found upon resort to 54 C. J. S. 278, § 247; 34 Am. Jur. 194, § 237; American Digest System, Limitation of Actions, §§ 105 to 111, inclusive.

From the record of the appeal now under consideration it clearly appears appellees filed their petition for appointment of an administrator in ample time to permit the appointment of such a fiduciary within the limitation period prescribed by 59-2239 and that their failure to obtain his appointment within the time required by its terms was not due to any lack of diligence on their part but to protracted litigation by persons who were interested in seeing to it that the estate of Cecil Brasfield was not to be administered. Under such conditions and circumstances the decisions to which we have heretofore referred compel the conclusion that the running of the statute of limitation has been tolled during the pendency of the litigation which has prevented appellees from obtaining the appointment of the administrator.

Appellants rely heavily upon our decisions holding that anyone having a claim against a decedent's estate is obliged to have an administrator appointed within one year after the decedent's death in order to assert a claim against his estate. They place special emphasis upon our decision in *In re Estate of Dumback*, 154 Kan. 501, 119 P. 2d 476. We have no desire to recede from what was held in the Dumback case or in any of our other decisions of similar import. We point out, however, that when carefully examined it

will appear those cases all deal with situations where creditors have failed to institute proceedings until it is too late to obtain the appointment of an administrator in the due course of procedure provided in the probate code and that none of them go so far as to hold that its nonclaim or limitation section is not tolled when proceedings are instituted in time and the appointment of an administrator prevented by litigation of the character here involved.

It has been suggested the conclusion just announced will permit creditors other than those who have been denied the right of administration to file claims long after the period fixed by the nonclaim or limitation section of the probate code. Not so. The running of the statute is tolled only as to the diligent creditor who seeks the appointment of an administrator and fails to procure his appointment within the year through no fault of his own.

The district court did not err in the rendition of the judgment involved in appeal No. 37,546 nor in the overruling of the demurrer in appeal No. 37,657. It follows all judgments herein involved must be and they are hereby affirmed.