No. 42,944

In re Estate of Ralph A. Wolfe, Deceased. (P. A. STARCK PIANO COMPANY, *Appellee*, v. HENRIETTA WOLFE, *Executrix, Appellant.*)

(376 P. 2d 825)

Opinion filed December 8, 1962.

*Joseph W. Kennedy,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Ralph R. Brock, C. Robert Bell, Fredrick B. Strothman,* and *Charles J. Woodin,* all of Wichita, were with him on the briefs for the appellants.

*Fred Hinkle,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from a judgment of the trial court wherein appellee, petitioner, was allowed a second class claim against the estate of Ralph A. Wolfe in the sum of $7,061.91 and the appellant, respondent, was denied judgment against the petitioner for payments in excess of its pro rata share of the assets of the estate under G. S. 1949, 59-1301.

The case was submitted to the trial court under stipulated facts filed October 12, 1961.

On August 25, 1959, Ralph A. Wolfe died testate and his wife, respondent, was appointed executrix of his estate. For many years

prior to his death decedent had purchased pianos and other merchandise from petitioner. At his death he owed petitioner $10,919.44. On or about September 1, 1959, by orders of the probate court respondent was authorized to operate the Wolfe Music Company as a going business in the same manner decedent had operated it. In her representative capacity respondent continued to purchase pianos and other merchandise from petitioner and eventually owed him the sum of $11,515.90. During her operation of the business respondent paid petitioner the sum of $15,373.43 by checks signed by her in her representative capacity. Petitioner applied the payments to the account of decedent until that account was paid in full and then applied the payments to the account of respondent in her representative capacity. Petitioner sent periodic statements to respondent and no objections thereto were lodged by her. The estate did not have sufficient funds with which to pay all of the demands against it. On May 19, 1961, petitioner for the first time filed a claim against the estate as costs of administration and sought to have it allowed as a second class claim under G. S. 1949, 59-1301. On October 12, 1961, the district court held the claim should be allowed and classified as a second class claim. It is from this order that respondent perfected her appeal on December 8, 1961, in which she assigned three specifications of error as follows: The district court erred ( 1 ) in allowing petitioner's claim as a second class claim against the estate of Ralph A. Wolfe, ( 2 ) in failing to rule that any claim of petitioner against such estate was barred by the nonclaim statute, and ( 3 ) in failing to render judgment in favor of respondent for the amount petitioner had been paid by respondent in excess of its pro rata share of the estate.

Respondent first calls our attention to an extensive annotation to be found in 83 A. L. R. 2d 1406, 1437, *et seq.*, wherein priority of claims arising out of the continuation of a decedent's business is discussed and a careful reading thereof shows that no harmony exists among the different jurisdictions in their rulings on questions such as we now have before us even in states with statutes similar to ours except that in the majority of jurisdictions the courts have carefully guarded decedent estates and have placed on claimants the burden of showing they are entitled to classification of their claims as a result of the provisions of a testator's will or by and through the direction of the court. Our probate code fully prescribes how and when claims against a decedent's estate must be

filed and in G. S. 1949, 59-1402, the code also prescribes by what method the court may allow a representative to continue to operate a decedent's business:

"Upon a showing of advantage to the estate the court, with or without notice, may authorize a representative to continue and operate any business of a decedent . . . for the benefit of his estate, under such conditions, restrictions, regulations and requirements, and for such periods of time not exceeding six months for any one period as the court may determine. No debts incurred or contracts entered into shall involve the estate or representative beyond the assets used in such business immediately prior to the death of the decedent. . . ."

Under the provisions of G. S. 1949, 59-301, the probate court, or, as in our case the district court where the proceedings were transferred for hearing and determination, has the power and original jurisdiction to direct and control official acts of executors and administrators to settle their accounts.

The undisputed and stipulated facts show the petitioner herein filed no claim against decedent's estate until long after the expiration of the nine months' period from the date respondent was appointed executrix and qualified. Although petitioner furnished merchandise to respondent after decedent's death, it sought no order or authorization from the court to apply payments received from respondent other than on the indebtedness of the business which under the general order of the court was being continued in operation by respondent in the same manner it had previously been conducted by decedent. Since petitioner has made no showing of the merchandise sold to decedent *immediately prior to his death* (last sentence of 59-1402, above quoted), neither the trial court nor this court can consider whether any of that merchandise was in the possession of the estate at the time of decedent's death. The result is this court is unable to make any determination of that phase of the case.

Petitioner's theory is that by reason of the court's statement that respondent was to continue the business in the manner in which decedent had conducted his affairs with the petitioner and under the rule that when a payment is received by a creditor with no designation as to whether it is to be applied, the creditor has the authority to choose that application and thus bind the debtor, but we find it impossible to sustain this theory in the face of the provisions of 59-301 wherein the probate code places the control of respondent in the court. Petitioner's theory simply is not the law because it

would mean that in any estate case where, as here, the probate court, in attempting to benefit the estate, would order continuation of a business, then all creditors who furnished a large or even a small amount of merchandise, labor, or services of any kind could apply any payments made by the representative of the estate to bills owed by the decedent prior to death, and thereby toll the requirements of G. S. 1949, 59-2239, commonly known as the nonclaim statute which, in pertinent part, provides:

"*All demands,* including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment. . . ." (Our emphasis.)

Petitioner further cites 2 Bartlett's Kansas Probate Law and Practice, rev. ed., Continuation of Business, §§ 823, 824, where the author in discussing 59-1402 mentioned that it was an entirely new section and, in part, stated:

"It may, in some cases, be advantageous to an estate to continue the business of the decedent . . . for a limited period in order to obtain the greatest amount in liquidating the business. . . . The code section is so drawn that as many safeguards against loss are provided as are reasonable. . . . *The representative is limited in incurring obligations which bind the estate. . . .*" (Our emphasis.) (p. 850.)

We are unable to see how the above authority supports petitioner's contention. Petitioner properly states the law in his brief to the effect that the nonclaim statute (59-2239) is one of limitation. This was settled in *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305, where this court held:

"G. S. 1947 Supp. 59-2239, providing that no creditor shall have any claim or lien upon the property of a decedent, other than liens existing on the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of a decedent is clearly a statute of limitations and is to be given the same force and effect as limitation statutes appearing in the code of civil procedure." (Syl. ¶ 5.)

The foregoing statute cannot be interpreted to mean that the executrix of a decedent's estate can, without an order of the court, make payments for merchandise and bind the estate so that a fourth class claim can thereby be accelerated into a second class claim. Had petitioner desired it could have obtained appropriate orders of

the court before continuing transactions with respondent under the circumstances and the duty was upon petitioner to protect itself. Certainly it was not the intention of the legislature in enacting the probate code to require a representative of a decedent's estate to anticipate an occurrence such as we have in this instance where petitioner, by crediting payments made by the continuing business so they applied on the indebtedness of decedent prior to his death, rather than applying them on the indebtedness of the continuing business subsequent to decedent's death, obtained a preference over other creditors with the same classification of claims.

In view of all that has been stated herein we conclude the first two specifications of error should be answered in the affirmative and any claim petitioner had against decedent prior to his death was nothing more than a fourth class claim (59-1301) and since petitioner did not file its claim against decedent's estate within the nine months' period after the appointment of respondent, as prescribed by the nonclaim statute (59-2239), the claim is barred.

Concerning the third specification of error relating to the trial court's failure to render judgment for respondent for the amount petitioner had been paid by respondent in excess of its pro rata share of the estate, we can only hold that question is not properly before us. See *In re Estate of Thompson,* 164 Kan. 518, 523, 190 P. 2d 879, cited and applied in *Hildenbrand v. Brand,* 183 Kan. 414, 327 P. 2d 887, where it was held:

"Generally speaking, when the purpose of an action or claim is to bring something into an estate of a decedent, that is, when an estate has a claim which its personal representative is attempting to enforce, the action is to be filed in the district court or some other court of competent jurisdiction." (Syl. ¶ 2.)

The judgment is reversed.