No. 39,500

In the Matter of the Estate of Alfred L. Garnand, Deceased. (JOSEPHINE GARNAND, *Appellant,* v. W. J. B. GARNAND and IVAN D. GARNAND, Executors and Trustees of the Estate of D. F. Garnand, Deceased, and L. B. GEIGER, as Administrator of the Estate of Alfred L. Garnand, Deceased, *Appellees.*)

(277 P. 2d 602)

Opinion filed December 11, 1954.

*John A. Potucek,* of Wellington, argued the cause and was on the briefs for the appellant.

*W. H. Schwinn* and *Tom L. Schwinn,* both of Wellington, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.:  This appeal rises from proceedings initiated in the probate court for the commencement of administration proceedings on the estate of a deceased person.  Specifically, the propriety of the orders and judgment of the district court approving the probate court's action in appointing an administrator and in overruling a motion to quash, involving the processes issued by that tribunal before appointing such fiduciary, are the questions involved on appellate review.

In rendering its judgment the district court embodied in its decision and judgment a "Memorandum of Decision" which accurately sets forth the facts; clearly defines the issues; cites the applicable law; and assigns sound and controlling reasons for upholding the judgment, all in such manner and form that it can well be incorporated in, and made a part of, this court's opinion. On this account, fully conscious that our action results in deviating from our usual practice and may be properly considered as an innovation, we are disposed to use such memorandum as the primary basis for a decision of the appellate issue involved.  It reads:

"This is an appeal from the Probate Court challenging the validity of certain judgments and orders of the Probate Court and with special reference to the question of said Court's having acquired jurisdiction of the subject matter and parties so as to support the validity of the orders and judgments so entered in the above matter.

"On May 27, 1953, a pleading was filed, bearing the title 'Petition for Administration and for Citation to surviving widow,' wherein W. J. B. Garnand and Ivan D. Garnand alleged that they were residents of Garden City, Kansas, and the duly appointed, qualified and acting executors of the last will and testament of D. F. Garnand, deceased.  That the estate of Alfred L. Garnand, deceased, was indebted to the petitioners as such executors and trustees of the estate of D. F. Garnand, deceased, in a substantial sum as

evidenced by notes executed and delivered to the petitioners by the decedent, Alfred L. Garnand during his lifetime. That Alfred L. Garnand died intestate June 14, 1952, a resident of Wellington, Sumner County, Kansas, and that his only surviving heir at law was his widow, Josephine Garnand, who also resided in Wellington, Kansas. That the assets of the estate of Alfred L. Garnand are subject to the payment of the notes held by the petitioners and that administration proceedings were necessary.

"It was further alleged that the widow, Josephine Garnand, had taken no steps to commence administration proceedings, although as the surviving widow and sole heir at law of Alfred L. Garnand, she had a preferential right to appointment as administratrix. That in the event that she should refuse or fail to so qualify that the Court should appoint some suitable citizen of Sumner County to serve as administrator of said estate, in order that the petitioner may have a proper forum in which to present their claim for the consideration of the Court. That a citation should forthwith issue to Josephine Garnand, to accept or refuse to accept the administration of said estate.

"The petitioners prayed that citation issue to Josephine Garnand, the surviving widow and sole heir of Alfred L. Garnand, deceased, to accept or refuse to accept the administration of said estate, and that upon acceptance that she be duly appointed as administratrix of said estate; and in the event of her failure or refusal that some suitable and proper person be appointed to administer the estate of Alfred L. Garnand, deceased, according to law. The petition was duly verified.

"On the same date, May 27, 1953, the Probate Court entered an order, setting the petition for hearing on Wednesday, June 3, 1953, and ordering the said Josephine Garnand to appear before the Court on Wednesday, June 3, 1953, at the hour of 10:00 o'clock A. M. and then and there accept the administration of the estate and qualify or refuse, and that in the event of her refusal that some disinterested householder of Sumner County be designated and appointed as administrator. It was further ordered that a certified copy of the petition and a certified copy of the 'Order for Citation and Citation' be served upon Josephine Garnand at least three days prior to the date of the hearing. Personal service of the same was made by the Deputy Sheriff of Sumner County on Josephine Garnand on May 27, 1953.

"On June 3, 1953, Josephine Garnand by her attorney appeared specially and filed her Motion to Quash the purported 'Order for Citation and Citation' and the service of the same for the reason that the same was unlawful and void, for the reason that the Court had no jurisdiction, the same being in violation of G. S. 1949, Sec. 59-2222, 59-2223, and 59-2209, and other sections of the Kansas Probate Code, and no notice was given pursuant to section 185. The Motion to Quash was by order of the Probate Court overruled June 3, 1953. From this order and decision of the Probate Court, the movant has perfected her appeal to this Court.

"On June 3, 1953, the Probate Court ordered that Letters of Administration be granted to L. B. Geiger as administrator of the estate of Alfred L. Garnand, deceased, the Court finding that the surviving widow and sole heir had refused to be appointed. L. B. Geiger duly qualified by taking the oath, and giving bond, and publishing notice and Letters of Administration were issued to L. B. Geiger as such administrator.

"On June 11, 1953, Petitioners filed their Petition for allowance of demand.

"The foregoing is a history of the proceedings in the above matter as disclosed by the transcript filed in this court. While we are reluctant to recommend the proceedings adopted as a model of procedure as provided by the Probate Code of Kansas, yet our research discloses that the procedural steps as provided for probate procedure and practice, in substance, have been complied with to the extent that we find that the Probate Court did have adequate jurisdiction to support the orders and judgments as entered by that Court, and that the Motion to Quash should have been overruled.

" 'Sec. 59-2221, G. S. 1949, provides that any person interested in the estate, may petition . . . for administration.'

"While the statute does not define the expression 'any interested person,' it has been held, —*In the matter of the Estate of Noel Erwin, deceased,* 167 Ks. 316,

" 'A person is interested in the estate of a decedent who has a claim against the estate which he desires to present and prosecute.'

"And on page 319, we read,

" 'The petition filed in probate court clearly showed that the petitioner was one who had a claim against the estate which he desired to file and prosecute. We think that disclosed ample interest in the estate to justify the petitioner in filing the petition.'

"On page 74, sec. 1228 of Bartlett's Kansas Probate Law and Practice, Revised Edition, we find this language:

" 'If the creditor's petition is timely filed, the creditor is an interested party within the contemplation of the statute, and is entitled to have his petition heard. It is not contemplated that at such hearing the liability of the estate to the petitioner shall be tried and determined. This is a matter to be determined after the administrator has been appointed and the creditor has exhibited his demand.'

"Examining the petition in this matter, it appears that it was shown that the petitioners did have a claim against the estate of the decedent which they desired to file and prosecute and under the decisions this appears to be sufficient, and a proper basis for the hearing on a petition for administration. If the widow and next of kin of a decedent fail to take out administration on the estate, any creditor may bring into existence a representative of the estate. Under the former statutes the right to seek administration was exclusive to the widow or next of kin for a period of thirty days. Under the present code there is no waiting period, and there is no provision for the issuance of a citation to the widow and next of kin to take or refuse administration.

"G. S. 1949, 59-2222, provides:

" 'When a petition for the probate of a will or for administration is filed, the court shall fix the time and place for the hearing thereof, notice of which shall be given pursuant to section 185 (59-2209) *unless the court shall make an order to the contrary. If notice is by order of the court not required to be given pursuant to section 185 (59-2209), the court shall order notice thereof to be given, such notice,* unless waived, *shall be given in such manner as the court shall direct.'* (Emphasis supplied by the trial court.)

"At the time of the filing of the petition for administration and Citation, the Probate Court entered an order fixing the time and place of the hearing of the

petition, and ordered that a citation issue to the widow and sole surviving heir and that service thereof be made at least three days prior to the hearing date as fixed, directing that she elect to accept or refuse the appointment as administratrix of the estate or that letters would be granted to some other person, at the hearing as set forth in the citation. The giving of notice in this matter by citation was in a different manner than as provided by section 185 (59-2209) and appears to come within the exception of the statute last above cited.

" 'Analysis of that section clearly discloses that it was not the intent to permit the court to dispense entirely with hearing upon notice but merely to permit the court to direct the giving of notice in a different manner than that provided for in section 59-2209.' *In Re: Estate of Oliver,* 162 Ks. page 414.

"Under this section of the code the Probate Code (sic) is vested with wide discretionary powers and in the absence of an abuse of that power, his acts will be approved. The Citation to the widow and sole heir, under the circumstances she being a resident of the City of Wellington and residing within a few blocks of the County Court House, the directing of notice in the manner as ordered by the Probate Court, could not be considered an abuse of his discretion. Although the paper served was entitled 'Order for Citation and Citation' in substance, it contained the matters required to be noticed.

" 'A citation in a probate proceeding is only a means of giving to the party notice of the pendency of adversary proceedings—' *IN RE: Martin's Estate* 82 Wash. 226; 144 P. 44

"In its general character a citation is a summons.

"Alfred L. Garnand died June 14, 1952, according to the allegations of the petition. The hearing of the petition for administration was set for June 3, 1953, and an order was made appointing L. B. Geiger as administrator of the estate of Alfred L. Garnand, deceased on June 3, 1953, and having qualified, letters of administration were duly issued to him as such administrator on June 4, 1953.

"The Probate Court having fixed the hearing date as directed by statute and ordering the giving of notice by 'Order of Citation and Citation' as provided by sec. 59-2222 in a manner different from the provisions of sec. 59-2209, and service of the same having been made personally as ordered, the Court was vested with jurisdiction to hear the matter and make all proper orders.

" 'The mere fact that one who has priority upon the provisions of G. S. 1949, 59-705, to be appointed administrator of the estate of one dying intestate neglects to have an administrator appointed does not relieve others having a claim or demand against the decedent's property from having an administrator appointed within one year after decedent's death and asserting such claim in the manner and within the time prescribed by G. S. 1949, 59-2239, unless otherwise provided.' *Gants v. Bondurant,* 159 Ks. 389, syl. 3.

"The Motion to Quash is overruled and the Matter is remanded to the Probate Court for further proceedings in harmony herewith."

We are not inclined to view the petition for administration filed in the probate court, or the notice of hearing issued by that tribunal under the title of "Order for Citation and Citation," as paragons of probate pleading or process. Nevertheless, after an extended review of the entire record, considered attention to all arguments

advanced by the parties, and a careful analysis of the memorandum decision we are unable to find anything wrong with the judgment or the reasons assigned by the trial court for its rendition. Therefore, since we are in entire accord therewith, we are disposed to adopt such memorandum decision as our own and on the basis of what is there stated hold that, under the facts and circumstances therein set forth, the judgment rendered was proper and correct.

In addition to the reasons assigned by the trial court for the rendition of the judgment we think another sound and controlling reason why it must be upheld appears in our probate code (G. S. 1949, 59-2201) dealing with pleadings which, in clear and unequivocal language provides: "No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

In conclusion a final error assigned by appellant should be noted. This has to do with the overruling of her motion for a new trial. During the trial of the cause on appeal in the district court, notwithstanding she was contending no administration of the estate of her deceased husband was necessary and had refused to accept appointment as administratrix of such estate, she attempted to introduce evidence tending to show he did not owe the indebtedness relied on by the petitioning creditors in their petition for administration. The court refused to hear this evidence and its rejection is relied on as error.

In connection with this claim it must be remembered that G. S. 1949, 59-2221, provides that any person interested in an estate, after the death of an intestate, may petition for administration and G. S. 1949, 59-705, contemplates that if the widow or other persons entitled to preference refuse to accept, administration may be granted to creditors or nominees thereof. These provisions of our statute do not contemplate a decision on the merits of a controverted claim on the hearing of a petition for the appointment of an administrator and it must be conceded that under the allegations of their petition the appellees were interested in the estate of appellant's husband. Therefore, in view of the foregoing sections of the statute and the facts and circumstances before the trial court in this particular case, we have little difficulty in concluding no reversible error was committed in refusing to permit the introduction of the evidence in question. It follows the rejection of such evidence did not afford appellant any sound basis for the granting of the motion for a new trial.

The judgment is affirmed.