No. 44,896

In the Matter of the Estate of Matilda Schwarz, Deceased. State Department of Social Welfare of Kansas, *Appellee,* v. Harry Schwarz, Individually, as an Heir at Law and Sole Legatee and Devisee Under the Will of Matilda Schwarz, Deceased, *Appellant.*

(416 P. 2d 760)

Opinion filed July 14, 1966.

*Neal Hambleton,* of Olathe, argued the cause and was on the briefs for the appellant.

*W. B. Kirkpatrick,* of Topeka, argued the cause, and *Charles V. Hamm,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a controversy over the right of the State Department of Social Welfare of Kansas to recover under the provisions of K. S. A. 39-719a from the estate of the survivor of a married couple for assistance furnished the previously deceased spouse.

The facts which give rise to the legal issue are not in dispute.

A. Herman Schwarz, a resident of Johnson County, Kansas, died August 12, 1960. At the time of his death he had received old age assistance in the amount of $4,865.52. No effort was made to have his estate probated. He left no property. The home in the city of Olathe, Kansas was held in joint tenancy with his wife.

The widow, Matilda Schwarz, continued to live in the family home until her death April 19, 1964. She left a will making her son, Harry Schwarz, the executor and sole beneficiary. The will was admitted to probate and letters testamentary issued on May 25, 1964. An inventory was returned by the executor showing property

consisting of the home which was appraised at $12,000.00 and miscellaneous household goods valued at $100.00.

On July 25, 1964, the State Department of Social Welfare filed its petition for allowance of demand. It claimed a right to have allowed as a demand of the fourth class pursuant to K. S. A. 39-719a the sum of $12,524.22 for assistance furnished to Matilda and her husband, A. Herman Schwarz. The sum of $7,658.70 was for assistance furnished Matilda during her lifetime, about which there is no dispute, and $4,865.52 was for assistance furnished A. Herman Schwarz to the date of his death.

Defenses and objections were filed July 27, 1964, by Harry Schwarz asking the court to disallow the $4,865.52 for assistance furnished A. Herman Schwarz for the reason that no administration was had of his estate and the time for presentation of the claim was barred by the provisions of K. S. A. 59-2239.

On July 27, 1964, Harry Schwarz filed his petition for allowance of a demand of the first class for reimbursement for burial expense of Matilda in the sum of $971.06 paid by him.

On September 29, 1964, the probate court denied the claim of the State Department of Social Welfare for assistance furnished A. Herman Schwarz, and allowed the claim of Harry Schwarz for burial expenses of $971.06 as a demand of the first class. The State Department of Social Welfare appealed to the district court.

On May 19, 1965, the district court entered its order allowing the $4,865.52 for assistance furnished A. Herman Schwarz as a demand of the fourth class; it allowed $400.00 of the claim of Harry Schwarz for burial expenses as a demand of the first class, and disallowed the balance entirely.

Harry Schwarz has appealed from the order of the district court.

We will first consider appellant's contention that the trial court erred in allowing the claim of the appellee for assistance furnished to A. Herman Schwarz in the sum of $4,865.52 for the reason the claim was barred by the nonclaim statute, K. S. A. 59-2239, which provides that an executor or administrator must be appointed within one year after the death of the decedent and a claim presented within nine months after the date of the first publication notice to creditors. Appellant's contention is based on the fact that no attempt was made to administer the estate of A. Herman Schwarz.

We cannot agree with appellant's contention. The claim for payments made for old age assistance to a previously deceased

spouse is a demand against the estate of the surviving spouse and does not arise until the survivor's death. The nonclaim statute has no application until such time.

We must look to the statute from which the claim arises for a determination of the issue. The statute fixing the claim, K. S. A. 39-719a, provides:

"[1] On the death of any recipient of assistance, the total amount of assistance paid or [2] on the death of the survivor of a married couple, either or both of whom received such assistance, the total amount paid assistance to either or both, [3] shall be allowed as a claim against the estate of such person or persons as a fourth class claim. [4] No such claim shall be enforced against the real estate of the recipient or the real estate of a person who has been a recipient while it is occupied by the recipient's surviving spouse or by any dependent child of such recipient or any dependent child of such surviving spouse."

We have added numbers to the statute indicating four separate provisions.

We have no difficulty in determining the intent of the legislature from the language used in the statute. Under the first and third clause, on the death of any recipient of assistance, the total amount of assistance paid shall be allowed as a claim against the estate of the recipient subject to the provisions of the fourth clause, last sentence. However, in the case under consideration, since A. Herman Schwarz, the spouse first deceased, left no estate, there could be no "claim against the estate of such person."

We must, therefore, look to the second clause if there is to be a recoverable claim. On the death of Matilda Schwarz, the survivor, assistance had been paid to both her and her husband, A. Herman. Therefore, under clause three the total amount paid both "shall be allowed as a claim against the estate of such person"—Matilda, the survivor.

Since the property in the estate of Matilda was not occupied by any of the dependents mentioned in clause four, the property immediately became subject to the claim of the State Department of Social Welfare. The claim against the estate of Matilda was filed well within the time allowed by the nonclaim statute.

The appellant also contends that the trial court erred in disallowing the demand of Harry Schwarz for reimbursement for Matilda's burial expenses in the sum of $971.06 insofar as it was in excess of $400.00. He suggests that if the court was to allow only $400.00 of the amount as a first class demand it should have

allowed the balance of $571.06 as a demand of the fourth class. We are inclined to agree.

The appellee contended before the district court that the burial expenses should be limited to the amount permitted by K. S. A. 39-713 (*l*) for a welfare recipient's funeral. The trial court made no specific finding that the actual amound paid for the burial was unreasonable but appears to have based its decision largely on the appellee's suggestion.

The statute mentioned limits the amount the county welfare department may pay for a funeral but it is not binding where private individuals paid for the burial. It does not impose a limitation upon the power of the probáte court to allow funeral expenses in estates of deceased persons and to assign them to a particular class of demands. The amount to be allowed and the assignment to a particular class or classes of demands is governed by K. S. A. 59-1301 which provides insofar as material here:

"If the applicable assets of an estate are insufficient to pay in full all demands allowed against it, payment shall be made in the following classified order:

"First class, the expenses of an appropriate funeral in such amount as was reasonably necessary, having due regard to the assets of the estate available for the payment of demands and to the rights of other creditors. *Any part of the funeral expenses allowed as a demand against the estate in excess of the sum ascertained as above shall be paid as other demands of the fourth class.*" (Emphasis supplied.)

We find nothing in the record to indicate that the funeral expense of $971.06 was so unreasonable that the amount in excess of $400.00 should not have been allowed and paid as other demands of the fourth class as provided by the statute for classification and payment of demands.

The judgment is affirmed as to the allowance of the claim against the estate of Matilda Schwarz for assistance received by A. Herman Schwarz, but is reversed insofar as it disallowed the funeral expenses in excess of $400.00 as a fourth class claim.

APPROVED BY THE COURT.

SCHROEDER, J., dissenting: I must respectfully dissent from Syllabus ¶ 1 and the corresponding portion of the opinion.

At best, K. S. A. 39-719a is an ambiguous statute and the construction to be placed upon it by the Supreme Court in the first instance should not be influenced by the manner in which title to homestead property of welfare recipients, who are husband and wife, is held.

Here, for example, A. Herman Schwarz and Matilda Schwarz held title to the family home as joint tenants and upon the death of Herman title passed to Matilda, by reason of survivorship.

In the next case of this nature to come before the court, title may be held by the recipients of welfare, who are husband and wife, as tenants in common, or title may stand solely in the name of the first spouse to die. In the latter situation title would descend upon the death of the first spouse in accordance with the law of descent and distribution, one-half to the surviving spouse and one-half to their children. If the state department of social welfare filed no claim in the estate of the first spouse to die, in compliance with the nonclaim statute, it would lose any right to proceed against the one-half interest in the property which descended to the children. This becomes vitally material where the one-half interest of the surviving spouse would be insufficient upon such survivor's death to pay the entire amount of old age assistance advanced to both married recipients during their lifetime.

The question presently before the court involves two statutes primarily, K. S. A. 39-719a and K. S. A. 59-2239, commonly called the nonclaim statute. The first statute is ambiguous while the nonclaim statute is clear and covers the precise situation here confronting the court. In my opinion, the ambiguous statute should therefore yield to a construction consistent with the nonclaim statute which is clear.

The nonclaim statute reads in part as follows:

"All demands, *including demands of the state,* against a decendent's estate, *whether due or to become due,* whether absolute or contingent, *including any demand arising from or out of any statutory liability of decedent* or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment: *Provided,* . . . *No creditor shall have any claim* against or lien upon the property of a decedent other than liens existing at the date of his death, *unless an executor or administrator of his estate has been appointed within one year after the death of the decedent* and such creditor shall have exhibited his demand in the manner and within the time herein prescribed." (Emphasis added.)

Here the claim of the state department of social welfare for the old age assistance advanced to A. Herman Schwarz during his life is a demand of the state, which was due at his death and payable at the death of Matilda, his surviving wife, and the demand arises out of a *statutory liability* of A. Herman Schwarz.

There is little doubt that the legislature by 39-719a, *supra,* created a statutory liability against the recipient of old age assistance in favor of the state, which is enforceable against the recipient's estate upon his death, unless the real estate of the recipient is occupied by the recipient's surviving spouse or dependent child, in which event it cannot be enforced until such occupancy ceases. In the absence of a statute conferring upon the state the right to recover for old age assistance the sum advanced to a recipient, there could be no recovery at all. (81 C. J. S., Social Security and Public Welfare, §§ 8, 29, 30 and 33.)

The controversy here concerns *when* the state department of social welfare is obligated to assert its demand for old age assistance paid to Herman, the husband, where Matilda, his widow, also received assistance and occupied the real estate, their only assets, as a homestead prior to her death.

K. S. A. 39-719a reads:

"[1] On the death of any recipient of assistance, the total amount of assistance paid or [2] on the death of the survivor of a married couple, either or both of whom received such assistance, *the total amount paid assistance to either or both,* [3] shall be allowed as a claim against the estate *of such person or persons* as a fourth class claim. [4] *No such claim shall be enforced against the real estate of the recipient* or the real estate of a person who has been a recipient *while it is occupied by the recipient's surviving spouse* or by any dependent child of such recipient or any dependent child of such surviving spouse." (Emphasis added.)

For purposes of clarity and consistency, numbers have been added as in the court's opinion.

Ambiguity in the statute commences with the italicized portion set forth in provision [2]. The expression in provision [3], "such person or persons," makes for further ambiguity. Is "such person" intended to mean the recipient of assistance in provision [1], or the survivor of a married couple, where either or both received assistance during their life? If so, as the court seems to interpret the statute, then are not the words "or persons" in such expression superfluous and without meaning? If legislative meaning is to be given the words "or persons," it must have intended the amount of old age assistance paid to each of the parties to a marriage created a statutory liability against the estate of each respectively in the total amount of assistance paid to each, to be asserted as a demand against the estate of each respectively.

This construction is fortified and confirmed by the admonition in

provision [4] of the statute—that no claim *shall be enforced* against the real estate of the recipient while it is occupied as a homestead by the recipient's surviving spouse. Such reference to *enforcement* inferentially means that the claim has *previously been asserted* in accordance with the provisions of the nonclaim statute. In other words, if the state department of social welfare desired to keep its claim alive against Herman, the first to die, it should have asserted a demand against his estate in accordance with the nonclaim statute.

If the legislature intended that the claim for assistance advanced to both married recipients was to be first asserted as a claim against the estate of the last to die, then a portion of provision [4] would have been superfluous.

This court has consistently held that a creditor or a person having a claim against the estate is a "person interested in the estate," within the meaning of K. S. A. 59-2221, so that the nonclaim statute confers upon the creditor the right to petition for administration for the purpose of having his claim exhibited and allowed. (*In re Estate of Erwin,* 167 Kan. 316, 205 P. 2d 925, Syl. ¶ 2; *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305; and *In re Estate of Garnand,* 177 Kan. 168, 277 P. 2d 602.)

This court has held with respect to the nonclaim statute in the case of *In re Estate of Grindrod,* 158 Kan. 345, 148 P. 2d 278, as follows:

"The words, 'all demands,' as used in G. S. 1943 Supp. 59-2239, which require demands to be exhibited in the probate court within a stated time were intended to be all-inclusive and to include claims or demands of every type and character against a decedent's estate and to any portion thereof, except in particular cases where a statute may expressly provide otherwise." (Syl. ¶ 5.)

(See, also, *Burns v. Drake,* 157 Kan. 367, 371, 139 P. 2d 386.)

The construction placed upon 39-719a by the court will permit recipients of welfare to defraud the state. For example, the surviving spouse in the instant case could have conveyed clear title to a *bona fide* purchaser prior to her death and given the proceeds to her children, in which event the state department of social welfare would be without assets to pursue. If, on the other hand, the state department of social welfare were required to assert its claim against the estate of A. Herman Schwarz, the allowance of such demand in the probate court, it being a court of record, would serve notice that the state department of social welfare had a lien against real estate being occupied by Matilda as her homestead.

It may be argued that A. Herman Schwarz had no estate whatsoever at the time of his death against which to assert the demand. This argument, however, has never prevailed against the state where a statutory tax liability was created upon the death of a married person who held title to real estate in joint tenancy with his spouse. (See, *In re Estate of Rogers,* 164 Kan. 492, 190 P. 2d 857.)

The statute requires the appointment of an administrator of an intestate resident, when the creditor of an estate so petitions the probate court, even though it is known that the assets appear to be inconsequential and of little value. (*In re Estate of Brasfield,* supra, Syl. ¶ 2.)

It is respectfully submitted the claim of the state department of social welfare in the sum of $4,865.52 for old age assistance furnished to A. Herman Schwarz, not having been asserted as a demand against the estate of A. Herman Schwarz after his death, should be disallowed.

PRICE, C. J., joins in the foregoing dissent.