No. 45,576

State Department of Social Welfare of Kansas, *Appellee,* v. Everett A. Dye, Administrator With Will Annexed of the Estate of Bertha Dye Lacen, Deceased, *Appellant.*

(466 P. 2d 354)

Opinion filed March 7, 1970.

*Glenn J. Shanahan* and *John W. Jordan,* both of Wichita, were on the brief for the appellant.

*W. B. Kirkpatrick,* of Topeka, argued the cause, and *Charles V. Hamm,* also of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: The question presented by this appeal is whether welfare assistance furnished to the predeceased husband of a wife prior to their marriage can be recovered by the state department of social welfare from the deceased wife's estate under the authority of K. S. A. 39-719a.

The facts in this case are not in dispute.

Bertha Dye and Thomas Lacen were married on March 10, 1962. Prior to their marriage Thomas Lacen had been the recipient of

welfare assistance in the amount of $1,585.28. Following the marriage Thomas Lacen was removed from welfare assistance and support was provided by his wife, Bertha Dye Lacen, until shortly before his death in 1967, when the husband, Thomas Lacen, was provided further welfare assistance in the amount of $178.22, which was the total assistance furnished to the husband during the marriage of the couple. Just prior to Bertha's death on June 28, 1967, she was also furnished some assistance in the amount of $364.72. The state department of social welfare filed in the estate of the wife, who survived the husband, its petition for the allowance of its demand. The petition sought the recovery of $364.72 for assistance furnished to the deceased wife and for $1,763.51 for assistance furnished to the deceased husband. The latter included $178.23 for assistance furnished to the husband during the marriage of the couple and $1,585.28 for assistance furnished to the husband prior to the marriage of the couple.

The probate court allowed the claim of the state department of social welfare in the amount of $364.72 for assistance furnished to the deceased wife, and for $178.23 for assistance furnished to the predeceased husband during the marriage of the couple, but it did not allow the claim in the sum of $1,585.28 for assistance furnished to the husband prior to the marriage of the couple. On appeal the district court allowed the claim of the state department of social welfare in full, including the claim for assistance provided to the predeceased husband prior to the marriage.

Appeal has been duly perfected to this court from such order. The only issue presented is the allowance of the claim against the deceased wife's estate for the amount of assistance furnished to the husband prior to the marriage of the couple.

The reasoning of the trial court was stated in a memorandum as follows:

"About the only decision which is at all enlightening is *In re Estate of Schwarz*, 197 Kan. 267, 416 P. 2d 760, and that strikes down defendant's contention that the Married Women's Property Act, specifically K. S. A. 23-201, is a bar to plaintiff's claim. Now it is true that such defense was not asserted in the *Schwarz* case, but the Court did place the stamp of its approval on the recovery statute, K. S. A. 39-719a, and the rationale of that decision compels the conclusion that whatever part of K. S. A. 23-201 may be inconsistent with the provisions of K. S. A. 39-719a was repealed by necessary implication when the latter statute was enacted.

"Neither do the facts of the *Schwarz* case make that holding direct authority on the proposition which we must decide here, for there is nothing to indicate

that any part of the claim was for assistance furnished to the decedent's spouse prior to the marriage. Nevertheless, the reasoning of the majority opinion is such that no distinction can be drawn on that basis, and this court finds that the language of the statute itself does not make any distinction or exception to the liability of the estate of a surviving spouse for assistance furnished to the partners to the marriage and either of them."

In the absence of a statute conferring upon the state the right to recover for welfare assistance the sum advanced to a recipient, there could be no recovery at all. (81 C. J. S., Social Security and Public Welfare, §§ 8, 29, 30 and 33.)

Kansas does have such statute which is K. S. A. 39-719a. The issue here presented involves the construction of this statute, which has heretofore been considered in the case of *In re Estate of Schwarz*, 197 Kan. 267, 416 P. 2d 760.

The trial court properly recognized the *Schwarz* decision did not decide the particular question here presented because nowhere does it appear in the *Schwarz* opinion that any of the welfare assistance paid to the predeceased husband was made prior to the marriage. The *Schwarz* decision is based upon the proposition that all of the welfare assistance paid to the husband was paid *during the marriage* of the couple.

K. S. A. 39-719a reads:

"[1] On the death of any recipient of assistance, the total amount of assistance paid or [2] on the death of the survivor of a married couple, either or both of whom received such assistance, the total amount paid assistance to either or both, [3] shall be allowed as a claim against the estate of such person or persons as a fourth class claim. [4] No such claim shall be enforced against the real estate of the recipient or the real estate of a person who has been a recipient while it is occupied by the recipient's surviving spouse or by any dependent child of such recipient or any dependent child of such surviving spouse."

For purposes of clarity and consistency, numbers have been added as in the *Schwarz* opinion.

(The amendment of K. S. A. 39-719a [K. S. A. 1969 Supp. 39-719a] has no application to the facts here inasmuch as Bertha Dye Laceri passed away on the 28th day of June, 1967, prior to the effective date of the amendment.)

The administrator of Bertha's estate (appellant) contends the language of the statute contained in provisions numbered [2] and [3] refers to and includes only assistance furnished to either or both of a married couple *during the marriage relationship*, and on the death of the survivor a claim for such assistance furnished to either

or both of a married couple during the marriage shall be allowed as a claim against the estate of the survivor. The appellant calls our attention to the fact that assistance furnished to a predeceased spouse prior to the marriage is not such assistance as was furnished to "either or both" of "a married couple."

The state department of social welfare (appellee) contends the language in the statute is clear and unambiguous in that "the total amount paid assistance to either or both" clearly expressed the intent of the legislature that the total amount of the assistance furnished to both spouses was a proper claim against the estate of the survivor.

While it must be conceded the statute is not as artfully drawn as it might have been, we think the legislative intent on the point in question is sufficiently indicated and therefore hold that provisions numbered [2] and [3] of 39-719a, *supra*, refer to and include only such assistance as was furnished to either or both of a married couple *during the marriage relationship*, and on the death of the survivor a claim for such assistance furnished to either or both of a married couple during the marriage shall be allowed as a claim against the estate of the survivor.

This construction, we hasten to add, leaves open the question whether recovery is permissible upon death of any recipient of assistance under provision numbered [1] for the total amount of assistance given to such recipient, including assistance given prior to the marriage, from such recipient's estate, if any. Here Bertha received no assistance prior to the marriage, and there is no indication Thomas left any estate whatever upon his death. The whole problem encountered by 39-719a, *supra*, suggests a need for legislative attention. (See *In re Estate of Schwarz*, supra.)

It does not seem logical that the legislature would permit recovery against an estate of a surviving spouse for assistance furnished to the predeceased recipient prior to the marriage, when the surviving spouse would not have been responsible or liable for such assistance.

While statutes in other jurisdictions are not identical with the Kansas statute, we do find two decisions from other jurisdictions which have a bearing upon the point in question. In the case of *Division of Aid v. Hogan*, 143 O. S. 186, 54 N. E. 2d 781, a statute was declared to be ambiguous and indefinite as to the liability of the estate of one spouse for assistance furnished to the other, and

it was held, being a statute creating a liability, it should be strictly construed in favor of the one sought to be subjected to its terms.

We subscribe to this principle.

The provisions of 39-719a, *supra*, do not clearly or specifically make the estate of a surviving wife liable for assistance furnished to a predeceased husband prior to the marriage, contrary to the appellee's contention.

The Supreme Court of Iowa in *Offe v. State Board of Social Welfare*, 238 Iowa 16, 25 N. W. 2d 731, was confronted with the identical issue here presented under an analogous statute. The court there held in order to render the property of one spouse liable for assistance rendered to the other under such a statute, such assistance must have been rendered during the existence of a marriage relationship. The court observed that the statutory obligation seemed to be based upon the duty to support. The Iowa statute provided, "In any event, the assistance furnished under this chapter shall be and constitute a lien on any real estate owned either by the husband or wife for assistance and funeral benefit furnished to either of such persons." (11A Iowa Code Annotated, § 249.20.) The parties in the Iowa case argued as to the construction of such statute, and the Iowa court held such statute did not create a lien on the wife's realty for assistance furnished to her husband prior to the marriage. The court stated:

". . . It seems clear to us that to hold one spouse liable for old-age assistance rendered the other spouse the assistance must have been furnished during the time the marital relation existed. When Henry C. Offe was paid the old-age assistance he was not the husband of Jessie McAllister Offe. At that time there was no legal obligation resting upon appellee Offe to support Henry C. Offe. The statutory obligation seems to be based upon the duty to support. No marital relation being in existence during the period when such aid was furnished, no lien attached to the real estate owned by appellee Jessie McAllister Offe and her grantees, the other appellees herein." (pp. 17, 18.)

Our construction of 39-719a, *supra*, herein does not affect the married women's property act. (See Constitution of the State of Kansas, Art. 15, § 6; K. S. A. 23-201; *State v. Koontz*, 124 Kan. 216, 257 Pac. 944; and *Harrah v. Harrah*, 196 Kan. 142, 409 P. 2d 1007.)

In conclusion we hold the trial court erred in allowing the claim of the state department of social welfare against the wife's estate for the amount of welfare assistance furnished to her predeceased husband prior to their marriage.

The judgment of the lower court is reversed.