No. 35,902

In the Matter of the Petition to Probate the Will of James Orr Colyer, Deceased. (JOHN BYRON COLYER et al., *Appellants*, v. JOHN PAUL COLYER, *Appellee*.)

(139 P. 2d 411)

Opinion filed July 10, 1943.

*John H. Murray*, of Leavenworth, and *John J. Riling*, of Lawrence, argued the cause, and *Edward T. Riling*, of Lawrence, was on the briefs for the appellants.

*Malcolm McNaughton*, of Leavenworth, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: The only question presented by this appeal is whether an application for probate of a will was made in time under the probate code.

So far as is necessary to note, the facts are as follows: In November, 1929, James Orr Colyer, then a resident of Leavenworth county, Kansas, made and duly executed his last will and testament, the sole beneficiary being his brother, Thaddeus Davis Colyer. The will was left with testator's cousin, James C. Davis, an undertaker of Leavenworth, Kan. Thaddeus Davis Colyer had been told by his brother and by Davis of the existence of the will and of its terms. James Orr Colyer, then a resident of Leavenworth county, died on March 5, 1939, and Thaddeus Davis Colyer immediately went to the place of business of James C. Davis to get the will. Davis searched his safe where the document would ordinarily have been kept and could not find it. On the following day, Thaddeus

Davis Colyer filed in the probate court of Leavenworth county his affidavit setting forth that James Orr Colyer had died intestate, and asking that an administrator be appointed, the appointment was made and the administration proceeded. It may here be noted that James Orr Colyer was at one time a married man, he had domestic trouble and was divorced from his wife. The couple had one child, John Paul Colyer. Sometime thereafter the mother remarried and she and her husband and the child moved to South Dakota. After administration was commenced on the estate of James Orr Colyer, his son returned to Kansas and commenced a suit to determine whether certain real estate passed to him as a legatee under his grandfather's will or as the sole heir of his father. We are not concerned with that litigation further than to say it was there adjudged he was the son of James Orr Colyer. Thereafter and on June 10, 1941, administration of the estate of James Orr Colyer was closed in the probate court and John Paul Colyer was found to be his sole heir. No appeal was ever taken from that judgment. Later, and in November 1941, the will of James Orr Colyer was found in Davis' safe and immediately taken to the probate court where it remained without any action being taken until May 29, 1942, when an application for its admission to probate was filed by a son of Thaddeus Davis Colyer. On the hearing of that application the probate court made findings that the purported will of James Orr Colyer was duly executed; that the estate of James Orr Colyer had been fully administered; that the purported will had been first presented to the court November 19, 1941; that a petition asking it be admitted to probate was filed May 29, 1942; that the will was not offered for probate until more than one year after the death of the decedent and was barred from probate by virtue of the provisions of G. S. 1941 Supp. 59-617; and it ordered that the will be not admitted to probate. From that order and judgment the petitioner appealed to the district court. In that court Thaddeus Davis Colyer was permitted to join as a petitioner for probate of the will. The district court made findings substantially like those of the probate court and adjudged that the will be not admitted to probate. The petitioners then perfected their appeal to this court.

It is settled by statute in this state that no will shall be effectual to pass real or personal property unless the will has been duly admitted to probate. (G. S. 1935, 22-232, G. S. 1941 Supp. 59-616.)

Prior to the enactment of the present probate code in 1939, the only statutory limitation on the time in which a will could be probated was that no lands, tenements or hereditaments should pass to any devisee in a will who should know of its existence and have it in his possession and control for the term of three years, unless within that time he should cause it to be offered for or admitted to probate. (G. S. 1935, 22-233.)

In 1939 the various statutes of this state pertaining to the estates of decedents and others and providing for procedure with respect thereto were revised and enacted as the Kansas probate code. (Laws 1939, ch. 180, G. S. 1941 Supp., ch. 59.) By G. S. 1941 Supp. 59-617 it is provided:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless an application is made for the probate of such will within one year after the death of the testator."

We note the section just quoted was amended by Laws 1943, chapter 213, but the amendment does not affect the question presented in this appeal.

Appellant seeks to avoid the force and effect of the section quoted by directing our attention to G. S. 1941 Supp. 59-618 and 59-621, the first of which deals with knowingly withholding a will from probate and damages consequent therefrom, and the second of which deals with the duty of the custodian of a will to deliver it to the court having jurisdiction, and penalties and damages for willful neglect or refusal to so deliver. The latter sections cannot be interpreted as an exception to the period of limitation in which an application must be made for probate of a will. The first section deals with knowingly withholding so that a beneficiary does not learn of the will and consequently makes no application for its admission to probate. Its effect is to provide a penalty for the wrongful withholding, and not an exception to the time in which an application for probate must be made. Under the evidence in the instant case, it is clear that at the time of the death of James Orr Colyer, his brother Thaddeus was not only aware of the will but of its terms. The second section mentioned deals with willful neglect or refusal of the custodian of a will to deliver it to the court having jurisdiction. As applied to the facts of this case we note that no effort was made by the beneficiary, who was aware of the existence of the will, to compel the custodian to deliver the will to the probate court. For some reason satisfactory to himself, he

elected to file an affidavit setting forth that James Orr Collyer died intestate. We shall not discuss any question whether by that action he was estopped from later contending otherwise.

Some argument is also made that the will should be admitted now for the assigned reason that the son, John Paul Colyer, would not lose anything for the reason he would not have received anything if the application for the probate of the will had been timely made. As applied to particular cases, that argument would mean that whether a statute of limitations should be applied or not would depend on a factual situation not mentioned in the statute. As applied to the insant case, the argument ignores the facts. Without going into detail, it appears that in the original action in the district court the title to the real estate involved was determined; John Paul Colyer mortgaged the real estate; settled with the owner of an undivided interest, and the two of them paid the debts and expenses of administration of the estate of James Orr Colyer, which was duly closed in the probate court. Appellant does not suggest in what manner all of these things may be undone and John Paul Colyer reimbursed for moneys expended.

In support of their contentions, appellants cite no authority. In support of the trial court's ruling, appellee directs our attention to *Wyers v. Arnold*, 347 Mo. 413, 147 S. W. 2d 644, 134 A. L. R. 876, where it was held that a statute barring probate of a will after the lapse of one year from the date of first publication of notice of granting letters testamentary was mandatory, and a court acted without authority and in excess of its jurisdiction in admitting a will four years after administration of an estate was commenced.

We note the case of *Gilbert v. Partain*, 222 Ala. 459, 133 So. 2. There the testator died October 17, 1917, and application for probate was made November 16, 1929. The Alabama statute, effective as of August 17, 1924, read:

"Wills shall not be effective unless filed for probate within five years from the date of the death of the testator."

The court held that the statute contained no saving clause; that the right, if any, which vested on the death of the alleged testator, without more, was the right of the heirs at law; that the will, in the absence of probate, conferred no right, and could be effective only after being admitted to probate; that immediately upon its enactment the statute began to run against probate of the will; that the proponent of the will, after enactment of the statute, had

permitted the full time to run, and having failed to propound the will within that time, had lost all rights under it.

See, also, 2 Page on Wills, Lifetime ed., p. 113, § 589.

In our opinion the provision of the probate code fixing a period of limitation in which an application for probate of a will must be made is clear and unambiguous, and not subject to any exception by reason of other sections of the code, and the trial court correctly held that the application to probate the will of James Orr Colyer was made too late.

The judgment of the trial court is affirmed.