In the Matter of the ESTATE OF
Dan KUBBY, Deceased.

Janice S. KUBBY, Petitioner–Appellant,

v.

Jack G. SHAFFER, in his capacity as personal representative of the Estate of Dan Kubby, Mitchell S. Wagner, Eric K. Kubby, and Danielle Shayne Kubby, Respondents–Appellees.

No. 95CA1916.

Colorado Court of Appeals,
Div. V.

Nov. 29, 1996.

Pryor Johnson Montoya Carney & Karr, P.C., Irving G. Johnson, Mark E. Haynes, Dianna R. Marquez, Englewood, for Petitioner–Appellant.

Hamil Professional Corporation, J. Lawrence Hamil, Christina V. Miller, Denver, for Respondents–Appellees.

Opinion by Judge MARQUEZ.

Petitioner, Janice Kubby, appeals the summary judgment entered in favor of respondents, Estate of Dan Kubby (Estate), Jack G. Shaffer, in his capacity as personal representative of the Estate of Dan Kubby (personal representative), and Mitchell S. Wagner, Eric K. Kubby, and Danielle Shayne Kubby (collectively the children), dismissing her petition to set aside the probate of a will and petition to request elective share. We affirm.

The two petitions were in the alternative. In one petition, petitioner sought to set aside the last will of her deceased husband, Dan Kubby (testator), alleging that Wagner, one of testator's sons, had unduly influenced the testator. In the other, petitioner sought to elect a spousal share of the estate.

Testator died on June 29, 1991. His will was submitted for informal probate in July 1991. The petitioner filed the request for elective share on January 20, 1995, and the petition to set aside probate of will on January 30, 1995.

It is undisputed that petitioner filed both of these petitions after the three-year statutory limitation period in § 15–12–108(1), C.R.S. (1987 Repl.Vol. 6B) had expired. Petitioner argued to the probate court, however, that the statute of limitation in this action should be equitably tolled, alleging she was fraudulently induced into not contesting the will by Wagner. After briefing by the parties, the probate court held, as a matter of law, that the statute of limitation should not be equitably tolled. This appeal followed.

Petitioner also filed a complaint against the children in the district court. Petitioner's complaint in district court claims damages against Wagner for breach of fiduciary duty, fraud, professional negligence, and intentional infliction of emotional distress, and claims restitution against all the children pursuant to § 15–10–106, C.R.S. (1987 Repl. Vol. 6A). Petitioner moved both the probate court and the district court to consolidate her petitions with the district court complaint, but both courts denied her motions.

## I.

Petitioner's sole contention on appeal is that the probate court erred in finding that the statute of limitation could not be equitably tolled as a matter of law. We disagree with petitioner's contention.

## A.

As a preliminary matter, we do agree with petitioner's assertion that § 15–12–108(1), C.R.S. (1987 Repl.Vol. 6B) is a statute of limitation and is not, as respondents argue, a non-claim statute that deprived the probate court of jurisdiction.

Section 15–12–108(1) provides in relevant part the following:

No formal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than three years after the decedent's death. . . .

A non-claim statute is a self-contained statute, with terms that absolutely prohibit the initiation of litigation after a prescribed period. Its purpose is to impose a time limitation for bringing a claim as a condition precedent to having a right of action. Therefore, a non-claim statute deprives a court of jurisdiction if a claim is not timely

filed. Because compliance with a non-claim statute is jurisdictional, it is not subject to equitable tolling. *In re Interrogatory of U.S. District Court: First Interstate Bank v. Piper Aircraft Corp.,* 744 P.2d 1197 (Colo.1987).

■ A statute of limitation, on the other hand, limits the time in which an action may be brought, but does not deprive a court of jurisdiction. *Barnhill v. Public Service Co.,* 649 P.2d 716 (Colo.App.1982). Equity may require that a statute of limitation be tolled in order to prevent a wrongdoer from benefiting from his or her own wrongdoing, or when extraordinary circumstances exist which made it impossible for the claim to be timely filed. *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094 (Colo.1996).

■ To distinguish between a non-claim statute and a statute of limitation, we must look to the language used. Language creating a non-claim statute must clearly indicate that failure to comply with its terms bars the claim, that filing is a condition to the existence of a claim, or that failure to file deprives a court of jurisdiction. *Public Service Co. v. Barnhill,* 690 P.2d 1248 (Colo.1984).

Nothing in § 15–12–108(1) indicates that filing is a condition or that failure to file operates to deprive the court of jurisdiction. Thus, we agree with the probate court that it is a statute of limitation, and not a non-claim statute.

## B.

■ We reject, however, petitioner's contention that § 15–12–108 is subject to equitable tolling in this case.

■ Generally, equity will not act if there is a plain, adequate and speedy remedy at law. *See Hoffman v. Colorado State Board of Assessment Appeals,* 683 P.2d 783 (Colo. 1984).

Here, it is undisputed that the testator executed a will in 1990 which provided that petitioner would receive some proceeds of an IRA account upon the testator's death. In June of 1991, the testator revised his will to provide that the IRA proceeds would be held in trust, for the benefit of both the petitioner and the children. Testator died eight days after the 1991 will was executed.

Petitioner's claim for equitable tolling arises from her allegations that Wagner, who is a licensed attorney in Colorado and California, fraudulently represented to her that she was "better off" under the provisions of the 1991 will than the prior will, and actively discouraged her from challenging the provisions of the 1991 will. Petitioner claims that Wagner's purpose was to conceal from her the fact that Wagner had unduly influenced testator to change the 1991 will, and that the 1991 will should not have been admitted to probate.

In this case, petitioner also filed a claim against the respondents in the district court under § 15–10–106, C.R.S. (1987 Repl.Vol. 6B), seeking restitution for damages resulting from the fraudulent concealment. Section 15–10–106 provides the following:

Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this code or if fraud is used to avoid or circumvent the provisions or purposes of this code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not. Any proceeding must be commenced within five years after the discovery of the fraud. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate.

This statute is substantially similar to Uniform Probate Code § 1–106 drafted by the National Conference of Commissioners on Uniform State Laws and adopted by Colorado. Uniform Probate Code, 8 *Uniform Laws Annot.* (Master ed. 1983) (Uniform Code). In fact, the only difference between the two is that the Uniform Code provides that, "[a]ny proceeding must be commenced within 2 years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than 5 years after the time of commission of the fraud." Uniform Probate Code, 8 *Uniform Laws Annot.* 26 (Master ed.1983). Thus,

the Colorado statute provides broader protection by allowing claims against innocent beneficiaries of the fraud within five years of discovery, regardless of when the fraud occurred.

We hold that, under the circumstances here, § 15–10–106 provides petitioner with a plain, adequate, and speedy remedy.

The intent of the drafters of the Uniform Probate Code is plain and unambiguous. Uniform Code § 1–106 was drafted to provide a remedy, both in law and equity, for claims such as petitioner's. Nothing in § 15–10–106 indicates a different intent.

This determination is supported by the comment to Uniform Code § 1–106 which provides in part as follows:

This is an overriding provision that provides an exception to the procedures and limitations provided in the Code. The remedy of a party wronged by fraud is intended to be supplementary to other protections provided in the Code and can be maintained outside the process of settlement of the estate. Thus, if a will which is known to be a forgery is probated informally, and the forgery is not discovered until after the period for contest has run, the defrauded heirs still could bring a fraud action under this section. Or if a will is fraudulently concealed after the testator's death and its existence not discovered until after the basic three year period (section 3–108) has elapsed, there still may be an action under this section.

Uniform Code § 3–108, referred to in this comment, is substantially similar to § 15–12–108, C.R.S. (1987 Repl.Vol. 6B) and in fact, § 15–12–108(1) follows Uniform Code § 3–108(a) verbatim.

Thus, we reject petitioner's argument that a remedy of monetary damages is not satisfactory because of the "emotional importance" of the estate. "Emotional importance" is not a criterion for determining whether an adequate remedy exists.

Here, § 15–10–106 provides an adequate remedy for petitioner, and she has brought a claim under that statute in the district court. Because there is an adequate legal remedy available, the probate court was correct in finding that, as a matter of law, the statute of limitation in § 15–12–108 should not be equitably tolled.

## II.

Because our holding is dispositive of this matter, we do not address the other contentions raised by the parties.

Judgment affirmed.

RULAND and TAUBMAN, JJ., concur.