(140 P.3d 1045)
No. 94,593

In the Matter of the Estate of AVIS A. TRACY, deceased.

Opinion filed August 18, 2006.

*Martin J. Peck,* of Hyndman & Peck, L.L.P., of Wellington, for appellant.

*Troy Dierking,* of Dierking Law Offices, of Caldwell, for appellees.

Before MARQUARDT, P.J., ELLIOTT and PIERRON, JJ.

MARQUARDT, J.: Sallie Shore, executor of Avis A. Tracy's will, appeals the district court's denial of the petitions to probate Tracy's will. We reverse and remand with directions.

Tracy died on August 21, 2003. A petition was filed on October 14, 2003, by Tracy's sister and niece for the appointment of an administratrix and the issuance of letters of administration. On October 17, 2003, a guardian ad litem was appointed to represent unknown heirs. On November 20, 2003, the district court found that Tracy died intestate and appointed Tracy's sister and niece as coadministrators.

On March 9, 2004, the coadministrators filed an amended petition to probate Tracy's will and for the issuance of letters testamentary. This petition stated that Tracy's will had been discovered on February 24, 2004. According to the affidavit of mailing in the record on appeal, notice of the petition to probate the will was sent to Tracy's sister, four nieces, and two nephews. No notice was sent to Shore or the First Christian Church, the beneficiary in Tracy's will.

On February 23, 2005, Shore also filed a petition to probate the will, stating that the will had been "withheld from probate by the actions of the deceased scrivener, who stored the will in an envelope with old, canceled checks and bank statements." Shore stated she "had access to the will for less than 90 days," arguing that it should be admitted pursuant to K.S.A. 59-618. No one disputes Shore's statement that she had access to the will for less than 90 days. The will left the balance of Tracy's estate to Shore, as trustee for the First Christian Church in Wellington, Kansas.

On March 16, 2005, the guardian ad litem for the unknown heirs filed an answer to the petitions, which read:

"COMES NOW, Troy Dierking, Guardian ad Litem appointed herein and for defense on behalf of said clients to the Petition for Probate of Will and Issuance of Letters Testamentary, denies each, every and all and signular [*sic*], the allegations of the Petition which are adverse to the interest of his clients."

On April 1, 2005, the district court held that K.S.A. 59-618 did not apply and denied the petitions to admit Tracy's will to probate. Shore filed a timely notice of appeal.

K.S.A. 59-617 provides that property may not be passed under a will "unless a petition is filed for the probate of such will within six months after the death of a testator." K.S.A. 59-618 provides an exception to the 6-month time limit set forth in K.S.A. 59-617: "Such will may be admitted to probate . . . if such petition is filed within 90 days after such beneficiary has knowledge of such will and access to it . . . ."

In the instant case, the district court did not specify that it refused to probate Tracy's will because it was not filed within the 6-month time limit provided by K.S.A. 59-617.

Shore argues that K.S.A. 59-617 is a statute of limitations; therefore, the limitation must be raised as an affirmative defense or it is waived. She further argues that the district court erred in raising the statute of limitations contained in K.S.A. 59-617 *sua sponte* as a reason for refusing to probate Tracy's will.

The guardian ad litem argues he sufficiently raised K.S.A. 59-617 as a defense. He argues the general denial he filed on March 16, 2005, was sufficient to allow the district court to deny the petition under K.S.A. 59-617.

Generally, a "statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant." *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119 (1992). All affirmative defenses must be pled. K.S.A. 60-208(c).

An affirmative defense must be pled so that it provides an opponent with fair notice of the nature of the defense. 61A Am. Jur. 2d, Pleading § 287, p. 244. A general denial does not provide notice.

"A true statute of limitations prescribes a time period within which an action must be brought upon claims or rights to be enforced, and should be distinguished from nonclaim statutes [and] jurisdictional limitation periods . . . ." 51 Am. Jur. 2d, Limitation of Actions § 7, p. 456. A statute of limitations "does not deprive a court of jurisdiction." *Matter of Estate of Kubby*, 929 P.2d 55, 57 (Colo. App. 1996).

Conversely, "[a] 'nonclaim statute' is a self-contained statute which absolutely prohibits the initiation of litigation based on it after a prescribed period." 51 Am. Jur. 2d, Limitation of Actions § 10, p. 458. "Its purpose is to impose a time limitation for bringing a claim as a condition precedent to having a right of action . . . . [A] non-claim statute deprives a court of jurisdiction if a claim is not timely filed." *Kubby*, 929 P.2d at 56-57.

In order to determine whether K.S.A. 59-617 is a statute of limitation or a nonclaim statute, this court must examine the language of the statute. See *Kubby*, 929 P.2d at 57. It is a matter of statutory interpretation over which this court has unlimited review. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004). "Language creating a non-claim statute must clearly indicate that failure to comply with its terms bars the claim, that filing is a condition to the existence of a claim, or that failure to file deprives a court of jurisdiction." *Kubby*, 929 P.2d at 57; 51 Am. Jur. 2d, Limitation of Actions § 11, p. 459.

K.S.A. 59-2239 limits the time in which demands and claims may be filed against an estate and has long been considered a probate nonclaim statute. Harris, *Survey of Kansas Law: Administration of Estates*, 17 Kan. L. Rev. 325, 328 (1968). It operates as a complete bar to all demands against a decedent's estate that are not timely

filed. Harris, *Survey of Kansas Law: Administration of Estates*, 17 Kan. L. Rev. 325, 328 (1968); see 3 Bartlett, Kansas Probate Law and Practice.§ 1316, p. 190 (rev. ed. 1953).

The Kansas Supreme Court has determined that K.S.A. 59-2239 " 'is clear, unambiguous, and comprehensive. Words more significant . . . could not have been employed' " to demonstrate that the statute operates as a complete bar to any and all claims or demands which are not timely filed. *In re Estate of Wolf*, 279 Kan. 718, 723, 112 P.3d 94 (2005) (quoting 3 Bartlett, Kansas Probate Law and Practice § 1316 [rev. ed. 1953]).

The primary purpose for K.S.A. 59-2239 is the speedy settlement of the estates in the interest of creditors, heirs, legatees, and devisees, and to settle titles to real estate. It is a bar on which parties may rely. 3 Bartlett, Kansas Probate Law and Practice § 1316, p. 190 (rev. ed. 1953).

The statute relied upon by the district court in the instant case, K.S.A. 59-617, states:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided."

In *In re Estate of Colyer*, 157 Kan. 347, 139 P.2d 411 (1943), the Kansas Supreme Court held that an application to probate a will that was found in a safe after the 1-year time limitation set forth in G.S. 1935, 59-618 (1941 Supp.) was presented too late. Colyer died on March 5, 1939. Colyer's estate was administered and closed on June 10, 1941. In November 1941, the will was found and was not presented for probate until May 29, 1942.

The *Colyer* court commented:

"In our opinion the provision of the probate code fixing a period of limitation in which an application for probate of a will must be made is clear and unambiguous, and not subject to any exception by reason of other sections of the code, and the trial court correctly held that the application to probate the will of James Orr Colyer was made too late." 157 Kan. at 351.

We find that the language of K.S.A. 59-617 does not absolutely prohibit an action to probate a will beyond the 6-month time limit. Under the facts of this case, it establishes a time limitation in which

a will may be filed for probate but does not deprive a court of jurisdiction.

The Kansas Code of Civil Procedure has specific rules that apply to statutes of limitations, and the question is whether those rules apply to the probate code. The probate code does not specifically incorporate any part of the Code of Civil Procedure. In fact, the Supreme Court has rejected assertions that probate matters are governed by the Code of Civil Procedure. In some cases, however, the Kansas appellate courts have assumed that decisions interpreting the pleading statutes in Chapter 60 are applicable in probate cases. See, *e.g., In re Estate of Wolf,* 32 Kan. App. 2d 1247, 1251, 96 P.3d 1110 (2004), *aff'd* 279 Kan. 718, 112 P.3d 94 (2005).

The Kansas Supreme Court could not discern any "sound reason for giving statutes of limitation in the probate code any greater or less effect than is given to limitations statutes to be found in the code of civil procedure." *In re Estate of Brasfield,* 168 Kan. 376, 385-86, 214 P.2d 305 (1950). As such, the *Brasfield* court applied the same equitable principles that govern the tolling of statutes of limitations under the Code of Civil Procedure to the statutes of limitations within the probate code.

Under the Kansas Code of Civil Procedure, a court may not raise the issue of statute of limitations upon its own motion. *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources,* 237 Kan. 857, 864, 704 P.2d 12 (1985). A "court may raise issues on its own motions[; however,] it is limited to issues of jurisdiction. Affirmative defenses, such as the statute of limitations, are not jurisdictional questions." *Frontier,* 237 Kan. at 864. Therefore, the trial court erred when it raised K.S.A. 59-617 *sua sponte.*

Shore argues the district court erred in its holding that K.S.A. 59-618 did not apply. She argues the district court's strict interpretation of the statute "conflicts with the goals of equity and good policy." This determination involves statutory interpretation, a matter over which this court has unlimited review. *Cooper,* 277 Kan. at 252.

" 'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the

language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005).

K.S.A. 59-618 provides:

"Any person who has *possession* of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and *knowingly withholds* it from the district court having jurisdiction to probate it for more than six months after the death of the testator shall be liable for reasonable attorney fees, costs and all damages sustained by beneficiaries under the will who do not have possession of the will and are without knowledge of it and access to it. *Such will* may be admitted to probate as to *any innocent beneficiary* on petition for probate by any such beneficiary, if such petition is filed within 90 days after such beneficiary has knowledge of such will and access to it, except that the title of any purchaser in good faith, without knowledge of such will, to any property derived from the fiduciary, heirs, devisees or legatees of the decedent, shall not be defeated by the production of the will of such decedent and the petition for probate of the will after the expiration of six months from the death of the decedent." (Emphasis added.)

Based on this language, the district court determined that the wrongdoing of someone who has *possession* and *knowingly withholds* a will from probate was a condition which permitted an innocent beneficiary to submit a will to probate beyond the 6-month time limit. Shore argues this technical reading defeats the intention of the statute to protect the interests of innocent beneficiaries. The guardian ad litem, on the other hand, argues the district court's interpretation of K.S.A. 59-618 is in line with the intent of the statute that is expressed by its plain and unambiguous language.

"In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003).

The Kansas Supreme Court has stated that the intent underlying the Kansas Probate Code is to probate legally executed wills. *In re*

*Estate of Harper*, 202 Kan. 150, 158, 446 P.2d 738 (1968). The court found that the statutes relating to the probating of wills express the legislative intent that the will of every person shall be offered for probate. They held that it is a clear public policy to favor probate of every legally executed will. That policy requires the probate of a will, not its suppression or to withhold it from probate. 202 Kan. at 158.

The legislative amendments reflect an intent to submit every legally executed will to probate, and show an intent that K.S.A. 59-618 not only imposes a penalty on those who wrongfully withhold a will, but also provides an exception for innocent beneficiaries, allowing them to submit a will to probate beyond the 6-month time limit if they do so within 90 days after having knowledge of the existence of the will. See L. 1943, ch. 213, sec. 2.

The district court's interpretation of K.S.A. 59-618 is contrary to the underlying intent of the probate code, particularly under the facts of this case; the will was found with the deceased scrivener's papers within a few days after the 6-month limitation period, Shore's petition to probate the will stated that she "had access to the will for less than 90 days," and the coadministrators also petitioned the district court to probate the will. We believe that the language of K.S.A. 59-618, along with the stated intent of the probate code to probate legally executed wills, allows probate of Tracy's will.

This case is reversed and remanded to the district court with directions to admit the will to probate.