NOT DESIGNATED FOR PUBLICATION

No. 127,675

In the Matter of the Estate of GLORIA ANN HAMEL a/k/a GLORY ANN HAMEL.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Oral argument held October 14, 2025. Opinion filed December 5, 2025. Affirmed.

*Richard E. Dietz*, of Dietz Law Office, of Osborne, for appellant.

*William R. Thompson*, of Condray, Thompson & Van Horn, LLC, of Concordia, for appellee.

Before MALONE, P.J., COBLE, J., and SEAN HATFIELD, District Judge, assigned.

PER CURIAM: Robert J. Hamel appeals the district court's denial of his petition to probate the will of his mother, Gloria Ann Hamel. The district court found that Robert was out of time to file the will for probate under K.S.A. 59-617 because he filed it more than 6 months after Gloria died and because the 90-day extension in K.S.A. 59-618 did not apply. Robert claims on appeal that the district court misinterpreted K.S.A. 59-618. For the reasons explained below, we disagree and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Gloria and her husband, Wilfred J. Hamel, executed a will devising all their property to the surviving spouse and devising that property equally among their five children upon both of their deaths. The five children were Lawrence R. Hamel, Robert J. Hamel, James L. Hamel, Janice E. Strait, and Gregory L. Hamel. If one of the children predeceased Wilfred and Gloria, then that child's share would be distributed equally among the deceased child's issue. The will named Janice and James as co-executors.

1

Wilfred died in 2014. The will was not filed for probate after Wilfred's death because the couple's assets were held in joint tenancy. Lawrence also died in 2014, leaving two children, Amanda Stice and David Hamel. James died in 2017, leaving two children, Kelsey Hamel and Pam Hamel.

On September 15, 2015, Gloria, Janice, and Janice's husband met with attorney Scott Condray so Gloria could create a revocable trust. The revocable trust instrument was executed on October 22, 2015, along with a pour over will in conjunction with the trust. The new will contained a provision revoking all prior wills, and it devised Gloria's property into the trust upon her death. Janice was named as successor trustee of the revocable trust and as executor of the pour over will.

The revocable trust instrument was amended on June 6, 2018. The amended trust granted each of Gloria's three surviving children—Robert, Janice, and Greg—an equal 20 percent share of the estate. It also reduced each of the four grandchildren's share of the estate to 2.5 percent and included gifts to various charities and church organizations.

Gloria died on April 21, 2021. Beginning on July 21, 2021, Greg and Janice emailed back and forth about the division of Gloria's estate and Gloria's decision to reduce the share awarded to the four grandchildren. In September 2021, Janice brought Greg's emails to Condray, whom she retained as counsel to further correspond with Greg and Robert. In an emailed letter to Greg and Robert dated September 16, 2021, Condray enclosed a copy of the 1985 will.

Robert filed a petition to probate the 1985 will on December 9, 2021. Robert alleged he first learned of the 1985 will when Condray sent it to him on September 16, 2021, and that Janice knowingly withheld the 1985 will from him. Although Robert did not file the will within six months of Gloria's death in accordance with K.S.A. 59-617, he alleged Janice's knowing withholding of the will allowed him to file it out of time under

2

an exception provided in K.S.A. 59-618. Janice responded that the 1985 will had been revoked and that Robert was out of time to file the 1985 will for probate under the six-month statute of limitation in K.S.A. 59-617 because she did not knowingly withhold the will as is required to trigger the K.S.A. 59-618 exception.

The case proceeded to a two-day bench trial held on July 20, 2023, and October 6, 2023. Much of the trial focused on issues not raised in this appeal, such as the differences between the 1985 will and the amended trust; Janice's influence on Gloria; Gloria's mental competency to execute the trust, amended trust, and 2015 will; and whether the 1985 will was contractual and could not be unilaterally revoked under its terms.

Pertinent to this appeal, Robert and Greg testified that receiving the copy of the 1985 will enclosed with Condray's September 16, 2021 letter was the first time they had any knowledge the will existed. When questioned on his evidence that Janice knowingly withheld the 1985 will from him, Greg conceded that he had no evidence. Robert also conceded at trial that he had no evidence that Janice possessed or withheld the 1985 will, but he claimed in a deposition that his assertion was based on the fact that Condray had copies of the will to provide in the first place. Robert claimed that his assertion was also based on Janice generally having control over Gloria since Wilfred died.

Condray testified that Janice scheduled the September 15, 2015 appointment on Gloria's behalf to discuss setting up the revocable trust and pour over will. Condray testified that Gloria brought a copy of the 1985 will with her to the appointment and that Janice and her husband also came to the appointment. Condray made copies of the 1985 will but did not recall giving a copy to Janice. Janice was present with Gloria when she executed the revocable trust instrument and the amended trust. Condray conceded that he had knowledge of the 1985 will since Gloria brought it to his office in 2015 and that he first disclosed the will to Robert and Greg as part of his September 16, 2021 letter to them. But Condray testified he was unaware that Gloria had died until Janice contacted

3

him in "mid-September of 2021" about Greg's emails. Condray testified he responded to Greg's and Robert's inquiries within "the same day or the next day."

Janice testified that although she was with Gloria during her appointments with Condray to set up the revocable trust and amended trust, she did not know that Gloria had given Condray an envelope containing the 1985 will. Janice asserted that she, like Greg and Robert, first learned of the 1985 will when Condray enclosed a copy of it with his September 16, 2021 letter to Greg and Robert.

In lieu of closing arguments, the district court ordered the parties to prepare proposed findings of fact and conclusions of law. Robert proposed that the 1985 will was joint and contractual and thus prohibited Gloria from unilaterally revoking it after Wilfred died. Robert acknowledged that K.S.A. 59-617 required the 1985 will to be filed for probate within six months of Gloria's death. But he argued that because Janice or Condray knowingly withheld the will from him for approximately 5 months, K.S.A. 59-618 allowed him an additional 90 days to file the will following its discovery. Janice proposed that the 1985 will was revocable and that Robert filed the will out of time because he did not prove that either she or Condray knowingly withheld the will, and that the filing exception in K.S.A. 59-618 only applied to a will knowingly withheld beyond the six-month statute of limitation.

The district court entered its memorandum decision on March 6, 2024. The district court set forth findings of fact, none of which are challenged on appeal. As for its conclusions of law, the district court found that the 1985 will was contractual and that Gloria breached that contract by unilaterally revoking the 1985 will in the 2015 will. But the district court noted that Robert did not make a breach of contract claim and the only issue before the court was the admission of the 1985 will to probate. The district court found that Robert failed to file the 1985 will for probate within six months of Gloria's death as required by K.S.A. 59-617. As for the 90-day exception in K.S.A. 59-618, the

4

district court found it did not apply because Robert did not prove that Janice knowingly withheld the will nor did the evidence show that Condray knowingly withheld the will. In other words, the district court concluded that the exception in K.S.A. 59-618 was not triggered because there was no evidence that anyone had knowingly withheld the 1985 will. The district court also interpreted K.S.A. 59-618 to require a knowing withholding for the entire six-month statute of limitation in K.S.A. 59-617 before the K.S.A. 59-618 exception could apply. Because Condray disclosed the will within five months of Gloria's death, the district court found that the K.S.A. 59-618 exception would not apply even if the will had been knowingly withheld by someone.

Robert timely appealed the adverse judgment. Janice cross-appealed the district court's ruling that the 1985 will was contractual but later withdrew the cross-appeal.

ANALYSIS

Robert's sole claim on appeal is that the district court misinterpreted K.S.A. 59-618. Robert argues that the district court erred by finding that the exception in K.S.A. 59-618 only applies when a will has been knowingly withheld for the entire six-month statute of limitation under K.S.A. 59-617. Instead, Robert asserts that the exception applies when a will is knowingly withheld from an innocent beneficiary even if the will is discovered within the original six-month statute of limitation under K.S.A. 59-617. Thus, Robert argues that because he did not discover the existence of the 1985 will until September 16, 2021, he had 90 days from that date to file the will for probate.

Janice contends that the evidence supports the district court's finding that neither she nor Condray knowingly withheld the 1985 will. As a result, Janice argues that the 90-day extension in K.S.A. 59-618 was not triggered, and the district court did not err in finding that the 1985 will was not timely filed within 6 months of Gloria's death.

5

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *Nicholson v. Mercer*, 319 Kan. 712, 714, 559 P.3d 350 (2024). The most fundamental rule of statutory construction is that the intent of the Legislature governs. *H.B. v. M.J.*, 315 Kan. 310, 320, 508 P.3d 368 (2022). Legislative intent must first be ascertained through the statutory language, giving common words their ordinary meanings. *In re Wrongful Conviction of Sims*, 318 Kan. 153, 158, 542 P.3d 1 (2024). When a statute is unambiguous, appellate courts do not speculate about the legislative intent and will refrain from reading something into the statute not readily found in its plain language. *Schmidt v. Trademark, Inc.*, 315 Kan. 196, 200, 506 P.3d 267 (2022).

K.S.A. 59-617 provides: "No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided."

K.S.A. 59-618 provides an exception to the six-month statute of limitation:

> "Any person who has possession of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and knowingly withholds it from the district court having jurisdiction to probate it for more than six months after the death of the testator shall be liable for reasonable attorney fees, costs and all damages sustained by beneficiaries under the will who do not have possession of the will and are without knowledge of it and access to it. Such will may be admitted to probate as to any innocent beneficiary on petition for probate by any such beneficiary, if such petition is filed within 90 days after such beneficiary has knowledge of such will and access to it, except that the title of any purchaser in good faith, without knowledge of such will, to any property derived from the fiduciary, heirs, devisees or legatees of the decedent, shall not be defeated by the production of the will of such decedent and the petition for probate of the will after the expiration of six months from the death of the decedent."

6

The district court found that the 90-day exception in K.S.A. 59-618 did not apply for two reasons. First, the district court found that Robert failed to prove that Janice knowingly withheld the 1985 will nor did the evidence show that Condray knowingly withheld the will. In other words, the district court concluded that the exception in K.S.A. 59-618 was not triggered because there was no evidence that anyone knowingly withheld the 1985 will. Second, the district court interpreted K.S.A. 59-618 to require a knowing withholding for the entire six-month statute of limitations in K.S.A. 59-617 before the exception in K.S.A. 59-618 could apply. Because Condray disclosed the will within five months of Gloria's death, the district court found that the K.S.A. 59-618 exception would not apply even if the will had been knowingly withheld by someone.

Robert's only claim on appeal is that the district court misconstrued K.S.A. 59-618 by finding that a will must be knowingly withheld for more than 6 months after the testator's death before the 90-day exception to the statute of limitation would apply. In other words, Robert focuses only on the district court's ruling as to *how long* a will must be knowingly withheld before the 90-day exception applies, i.e., whether a will must be knowingly withheld for the entire 6-month statute of limitation or only for part of it. But the point Robert fails to grasp is that the 90-day exception in K.S.A. 59-618 is not even triggered unless there is a finding that the will was knowingly withheld by someone.

The controlling case is *In re Estate of Strader*, 301 Kan. 50, 54-60, 339 P.3d 769 (2014). Betty Jo Strader died on October 19, 2006. Her family could not find a will, so a petition for letters of administration was filed alleging she had died intestate. The probate proceedings were carried on for over four years, and in February 2011 a law firm informed the administrator that Strader's executed will had been found in a lock box at its office during a routine review of old files. Within a week, a family member petitioned to admit the will to probate and the issue was whether the exception in K.S.A. 59-618 applied to avoid the six-month statute of limitation in K.S.A. 59-617. The district court

7

and the Court of Appeals found the exception applied and admitted the will to probate. 301 Kan. at 51.

Our Supreme Court interpreted K.S.A. 59-618 by splitting it into its two sentences. The first sentence explains that any person who withholds a will for more than six months after the testator's death is liable for attorney fees, costs, and damages resulting from the withholding. K.S.A. 59-618. The second sentence contains the exception that "[s]uch will[s]" may be filed for probate within 90 days of their discovery by an innocent beneficiary. K.S.A. 59-618; 301 Kan. at 55-58. The court then interpreted "[s]uch will" in the second sentence to mean "the will 'having just been mentioned' in the first sentence." 301 Kan. at 57. So the court concluded that the 90-day exception refers to "a will that has been knowingly withheld from probate for more than six months after the death of a testator by a person who has possession of the will or knowledge of and access to it." 301 Kan. at 57. In other words, the court determined that the knowing withholding of a will is an essential condition that must occur before a will can be admitted to probate under K.S.A. 59-618 after the six-month time limit has expired. 301 Kan. at 60. Because the evidence failed to show that the law firm had knowingly withheld Strader's will from innocent beneficiaries of the estate, it reversed the lower courts' decisions and ruled that the will could not be admitted to probate under K.S.A. 59-618. 301 Kan. at 60.

Returning to our facts, the district court found from the evidence that Robert failed to prove that Janice knowingly withheld the 1985 will, and it affirmatively found that Condray did not knowingly withhold the will. On appeal, Robert makes no claim that Janice knowingly withheld the 1985 will. Robert makes a conclusory claim that Condray knowingly withheld the will. But even if the argument is sufficiently briefed, substantial competent evidence supports the district court's finding that Condray did not knowingly withhold the will. The undisputed evidence shows that Condray did not know Gloria had died until September 2021 when he received the email exchange from Janice, and Condray provided a copy of the 1985 will to all family members the next day.

8

Robert relies on *In re Estate of Tracy*, 36 Kan. App. 2d 401, 408, 140 P.3d 1045 (2006), for the proposition that K.S.A. 59-618 "provides an exception for innocent beneficiaries, allowing them to submit a will to probate beyond the 6-month time limit if they do so within 90 days after having knowledge of the existence of the will." Robert maintains that the only thing that matters under the statute is that he is an innocent beneficiary who did not know about the 1985 will until five months after Gloria died. But Robert fails to acknowledge that the exception in K.S.A. 59-618 is not triggered unless there is a finding that a will has been knowingly withheld by someone. In fact, our Supreme Court in *In re Estate of Strader* specifically disapproved the Court of Appeals' contrary holding in *Tracy* that required no finding that a will must be knowingly withheld before the exception in K.S.A. 59-618 applied. *In re Estate of Strader*, 301 Kan. at 60.

So without a finding that the 1985 will was knowingly withheld by either Janice or Condray, we need not reach the statutory construction issue on whether K.S.A. 59-618 requires a will to be knowingly withheld for the entire 6-month statute of limitation before the 90-day exception can apply. The evidence establishes that the 1985 will was not knowingly withheld from the family by anyone, so K.S.A. 59-618 does not apply.

*Unique circumstances doctrine*

Finally, Robert asserts that his untimely filing should be excused under the unique circumstances doctrine. Robert cites *In re Estate of Oroke*, 310 Kan. 305, 312-17, 445 P.3d 742 (2019), a case in which the court applied the doctrine and allowed a will to be admitted to probate beyond the statute of limitation because the clerk of the district court had initially misinformed the decedent's daughter that the will was not on file with the court. Janice claims Robert failed to preserve the issue by not raising it below.

Generally, issues not raised before the district court cannot be raised on appeal. See *In re N.E.*, 316 Kan. 391, 407, 516 P.3d 586 (2022). Although there are exceptions to

9

this general rule, Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Robert has made no attempt to comply with Rule 6.02(a)(5) in his brief by explaining why we should address his argument under the unique circumstances doctrine for the first time on appeal. Our Supreme Court has stated that Rule 6.02(a)(5) should be strictly enforced. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). Thus, we decline to address Robert's claim under the unique circumstances doctrine.

Affirmed.